DAN. H. DAVIS, Respondent, *v.* JOHN M. GALLAGHER et al., Administrators, etc., Appellants.

An admission by an administrator or executor is not binding as against the estate, unless made while he was engaged in his representative capacity in the performance of a duty to which the admission was pertinent so as to constitute it a part of the *res gestæ*.

In an action upon an account against an estate for work and labor, goods sold, etc., it appeared that by an arrangement between plaintiff and defendants, the administrators of the estate, two persons were called in for the purpose of attempting a settlement of the claim; that at the request of one of them plaintiff made a statement of his claim, *i. e.*, as to the period of time he had worked for decedent and the value of his services, also the transactions between him and the decedent in reference to the other items of the account. Plaintiff, as a witness in his own behalf, and others were permitted to testify, under objection and exception, as to what was said by him on that occasion. The testimony was allowed for the purpose of showing admissions by defendants, who it appears, when the statement was made, sat by in

Statement of case.

silence, making no objection, except as to two or three items. G., one of the administrators, testified that he had no prior knowledge of any of the items. *Held,* that the reception of the testimony was error; that silence under the circumstances did not amount to an admission, and if it could be so considered it was not binding, as the statements related to past transactions, and so constituted no part of the *res gestæ;* also that as regards plaintiff's testimony it was incompetent under the Code of Civil Proceedure (§ 829).

*Davis* v. *Gallagher* (55 Hun, 593), reversed.

(Argued March 2, 1891; decided March 17, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 11, 1890, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. W. Shea* for appellants. There is no evidence in this case showing an express contract on the part of Price to pay for Davis' services, nor a request on the part of Price that Davis should render him any services, and no promise to pay can be implied. (*Hartman's Appeal,* 3 Grant's Cas. 421; *Shakespeare* v. *Markham,* 72 N. Y. 400; *Wilcox* v. *Wilcox,* 48 Barb. 329; *Conger* v. *Van Arnim,* 43 id. 602; *Williams* v. *Hutchinson,* 5 id. 124; *Dye* v. *Kerr,* 15 id. 444; *Robinson* v. *Cushman,* 2 Den. 153; *Williams* v. *Hutchinson,* 3 N. Y. 312; *Sharp* v. *Cropsey,* 11 Barb. 224; *Row* v. *Hardin,* 79 N. Y. 90, 91; 2 Pars. on Cont. 46; *Sullivan* v. *Sullivan,* 6 Hun, 658; *Van Kurn* v. *Saxton,* 3 id. 547; *Lyon* v. *Smith,* 35 id. 275; *Carpenter* v. *Welles,* 15 id. 134; *Ross* v. *Hardin,* 79 id. 90; *Furman* v. *Van Sise,* 56 N. Y. 435; *Simpson* v. *Bush,* 5 Lans. 337; *Gray* v. *Durland,* 50 Barb. 100.) The referee erred in allowing plaintiff to testify as to the cows, teams and as to whether he went to school or not, over objections of defendant. (*Fisher* v. *Ver Plank,* 17 Hun, 150; *Parks* v. *Andrews,* 56 id. 391; *Clift* v. *Moses,* 112 N. Y. 427; *Dyer* v. *Dyer,* 48 Barb. 190; Code Civ. Pro. § 829.) The evidence of Kate M. Price as to personal transactions

and communications with deceased were not proper evidence in favor of plaintiff. (*Church* v. *Howard*, 17 Hun, 5; 79 N. Y. 415; *Hill* v. *Hotchkin*, 23 Hun, 414; *Connelly* v. *O'Connor*, 117 N. Y. 91; *Shepard* v. *Wright*, 113 id. 382; *In re Eyseman*, Id. 62; *Clift* v. *Moses*, 112 id. 426; *Wilcox* v. *Corwin*, 117 id. 500; *Miller* v. *Montgomery*, 78 id. 285; *Hobart* v. *Hobart*, 62 id. 82; *Eisenlord* v. *Eisenlord*, 49 Hun, 340; *Alveader* v. *Dutchess*, 70 N. Y. 385.) The admissions of one executor are not received as against his co-executor. (*Harmon* v. *Huntley*, 4 Cow. 493; *James* v. *Huckley*, 16 Johns. 277; *Forsyth* v. *Ganson*, 5 Wend. 558; *Lane* v. *Doty*, 5 Barb. 535; *Elwood* v. *Deifendorf*, 5 id. 407; *Bruyn* v. *Russell*, 52 Hun, 17; *Finnern* v. *Hinz*, 38 id. 465; *Potter* v. *Greene*, 20 N. Y. S. R. 410.) It was error to allow evidence of what was said and done before the arbitrators to be given upon the trial. (Code Civ. Pro. § 829; *Howell* v. *Taylor*, 11 Hun, 214; *Cornell* v. *Cornell*, 12 id. 312; *Houghey* v. *Wright*, Id. 179; *Hills* v. *Heermans*, 17 id. 470; *Elwood* v. *Deifendorf*, 5 Barb. 407; *Bruyn* v. *Russell*, 52 Hun, 17; *Finnern* v. *Hinz*, 38 id. 465; *Wilcox* v. *Corwin*, 117 N. Y. 500.) An executor or administrator has not only no power to bind the estate by a new contract, but he cannot revive a demand which has once expired; neither his contracts nor admissions can have the effect of creating the one or reviving the other. (*Barry* v. *Lambert*, 98 N. Y. 300; *Austin* v. *Morris*, 47 id. 366; *Ferrin* v. *Myrick*, 41 id. 315; *McLaren* v. *McMartin*, 36 id. 88; *Glenn* v. *Barrows*, 37 Hun, 602; *Fellows* v. *Fellows*, 37 N. H. 75; *Crandall* v. *Gallup*, 12 Conn. 365; *Elwood* v. *Deifendorf*, 5 Barb. 398.) The conversation and statements made before the arbitrators were statements in relation to past transactions between plaintiff, an interested person, and the deceased and in no sense a transaction or the *res gestæ* of a transaction between plaintiff and the administrators. (*People* v. *Murphy*, 101 N. Y. 126; *Darling* v. *O. F. Mfg. Co.*, 30 Hun, 276; *Luby* v. *H. R. R. R. Co.*, 17 N. Y. 131; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 id. 281; *White* v. *Miller*, 71 id. 118; *Finnern* v. *Hinz*, 38

Hun, 465 ; *Bruyn* v. *Russell*, 52 id. 17 ; *Wilcox* v. *Corwin*, 117 N. Y. 500 ; *Harmon* v. *Huntley*, 4 Cow. 493 ; *Forsyth* v. *Ganson*, 5 Wend. 558 ; *McIntyre* v. *Morris*, 14 id. 97.) The order of confirmation should not have allowed costs, and should not have confirmed said report, but on the contrary should have set the same aside. (*Russell* v. *Fry*, 19 Hun, 595 ; *Johnson* v. *Meyers*, 103 N. Y. 666 ; Code Civ. Pro. § 1836.)

*C. C. Brown* for respondent. The facts alone lead to the conclusion that both Mr. Price and plaintiff understood and intended that plaintiff was to have pay for his services, and that Mr. Price actually paid plaintiff for his services up to the time he was twenty-three years of age, and sustain the referee in finding that for services rendered by plaintiff for Mr. Price after that time there was an implied promise to pay therefor. (*Conger* v. *VanAernum*, 43 Barb. 602–606 ; *Quackenbush* v. *Ehle*, 5 id. 469 ; *Jacobson* v. *Executors, etc.*, 3 Johns. 199 ; *Green* v. *Roberts*, 47 Barb. 521 ; *Martin* v. *Wright*, 13 Wend. 460, 463 ; *Mackey* v. *Brewster*, 10 Hun, 16 ; 70 N. Y. 607 ; *Shakespeare* v. *Markham*, 10 Hun, 323 ; 72 N. Y. 400 ; *Eaton* v. *Benton*, 2 Hill, 578 ; *Robinson* v. *Raynor*, 28 N. Y. 494, 496.) The referee found at the request of the defendants that the arbitration has no binding effect upon the defendants herein, and what took place before them was allowed in evidence only to show what was said and done in the presence of the parties for the purpose of proving admissions by the defendants. For this purpose the testimony was competent. (*Church* v. *Howard*, 79 N. Y. 415, 419 ; *Whiton* v. *Snyder*, 88 id. 299, 307.) The exception taken to the admission in evidence of the testimony of plaintiff to a conversation had between him and the deceased was made competent by the cross-examination of plaintiff. (*Nay* v. *Curley*, 113 N. Y. 575, 582.) The widow was a competent witness, and she was not prohibited from testifying under section 829 of the Code of Civil Procedure. (*Carpenter* v. *Soule*, 88 N. Y. 251, 257 ; *Whitehead* v. *Smith*, 81 id. 152.)

HAIGHT, J.  This action was brought to recover pay for services rendered by the plaintiff and his wife to the defendants' intestate during his life-time, and also for hay, corn, beans pasture, cow, etc., had by such intestate.

It appears that the plaintiff was a step-son of the deceased, and had lived in his family from the time he was eight years of age ; that a few days after letters of administration had been issued to the defendants the parties had a conversation in reference to the plaintiff's claim and then arranged to call in two neighbors, Mr. Calkins and Mr. Niles, to see if they could arrange a settlement ; that on the following day there were present at the house of Mr. Price, Messrs. Calkins, Niles, Gallagher and wife, Mrs. James L. Price, Miss Bumpus, Mr. Lewis Price and the plaintiff ; that thereupon the plaintiff was called upon by Calkins to make a statement in reference to his claim and he did so, giving the extent of time that he had worked for the deceased after he became twenty-one years of age ; the amount that such services were worth ; the transactions in reference to the corn, hay, pasture, cow, etc., with an account of the services of his wife, and other matters involving personal transactions with the deceased.

Upon the trial of this action the plaintiff was called as a witness in his own behalf and was permitted to state what had been said by him on the occasion referred to, under the objection and exception of the defendants.  This evidence was allowed for the purpose of showing admissions by the defendants.  It appears that they sat by in silence making no objections except in reference to two or three items, and it is claimed that by maintaining silence they are deemed to have admitted that the statements and claims of the plaintiff were true and well founded.  Calkins and Niles were also called upon and allowed to give similar evidence in reference to the statements made by the plaintiff.

We do not regard this evidence competent.  It is not only hearsay, but much of it is in violation of the provisions of section 829 of the Code of Civil Procedure.  By permitting this class of evidence to be given the plaintiff was enabled to estab-

lish his claim against the estate of the deceased by showing what he had said on a former occasion when not under oath. It is true that he seeks to justify this upon the theory that the defendants sat by, listened to it and made no objection; that Calkins had said to the defendants that they could make their objections as the plaintiff proceeded with his statement; but Gallagher testified that he had no prior knowledge of any of the items of the plaintiff's claim against the estate. If he had no prior knowledge in reference to such claims he could not be expected to be in a condition to make objection to the statements made by Davis, and his remaining silent whilst the plaintiff was making his statement to the neighbors could hardly be construed into an admission that his claims were just. But if we should construe the silence of the defendants as indicating an intention to admit the statements of the plaintiff even then we think the evidence would be incompetent. Ordinarily an admission by one administrator is not binding upon his co-administrator as against the heirs or devisees of the deceased. (*Elwood* v. *Deifendorf*, 5 Barb. 398–406; *Hammon* v. *Huntley*, 4 Cowen, 493; *Cayuga County Bank* v. *Bennett*, 5 Hill, 236; *Whiton* v. *Snyder*, 88 N. Y. 299.)

But there are cases in which the admissions or declarations of administrators and executors may be evidence, as, for instance, where they are made while engaged in the performance of a duty pertaining to the estate in a representative capacity, in which the declaration is pertinent and accompanies the act so as to constitute a part of the *res gestæ.* (*Church* v. *Howard*, 79 N. Y. 415–419.)

The administrators were engaged in trying to settle a disputed claim against the estate. They may, therefore, be said to have been acting in their representative capacity and in the discharge of their duty, but the claims of plaintiff under consideration related to past transactions with their intestate, and as Gallagher has testified pertaining to matters not within his personal knowledge. No admission, therefore, if made by him, would constitute a part of the *res gestæ.*

*Res gestæ* is the transaction or subject-matter. What was

said and done at the time of the transaction, out of which it is claimed the liability was incurred, may be given in evidence as part of the *res gestæ*, thereby showing the true character of the transaction. A declaration, in order to become *res gestæ*, must be made cotemporaneously with the event sought to be proved, or else be so closely connected with it as to become a part thereof.

It consequently follows that the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur except FOLLETT, Ch. J., not voting, and VANN, J., not sitting.

Judgment reversed.