JOHN G. MORE, AS ADMINISTRATOR OF URIAH MULLENIX, DECEASED, RESPONDENT, *v.* ELMER FINCH AND ANOTHER, APPELLANTS.

*Executors and administrators—appointment of an administrator while a prior appointment of an infant as administratrix stands unrevoked—the appointment cannot be questioned collaterally—declarations of an administrator as to past transactions.*

Daisy Mullenix, in 1887, while an infant, was appointed administratrix of her husband's estate. In 1890, and while her appointment stood unrevoked, John G. More, who was appointed her general guardian, and subsequently, at her request and in her right, was appointed administrator of the same estate, brought, after a proper demand therefor, an action of trover for a horse which had belonged to the decedent. In this action brought by More, at the time of the trial of which Daisy was still under age, the answer set up the defense that the appointment of More was void, but did not allege the prior appointment of Daisy Mullenix.

*Held*, that this question could not be tried in the action of trover.

That if the surrogate had jurisdiction the appointment of More gave ample authority to him to bring the action.

*Semble*, that the defendants would not be precluded from defending the action by setting up acts of Daisy Mullenix within the scope of her apparent authority as administratrix.

That declarations of Daisy Mullenix, as administratrix, relative to past transactions, were not competent against the estate.

APPEAL by the defendants Elmer Finch and Victor Finch from a judgment of the Supreme Court, entered in the office of the clerk of the county of Delaware on the 20th day of February, 1891, upon a verdict for the plaintiff for eighty dollars; and also from an order of said court, entered in said clerk's office on the 13th day of February, 1892, denying a motion for a new trial, made upon a case and exceptions, after a trial at the Delaware Circuit before the court and a jury.

*Marvins & Hanford*, for the appellants.

*H. S. Sewell & A. Neish*, for the respondent.

MERWIN, J.:

The plaintiff in this case seeks to recover of the defendants the value of a horse which was owned by the plaintiff's intestate at the

time of his death on the 7th of July, 1889, and which, as plaintiff alleges, was on the 7th of April, 1890, converted by the defendants to their own use. The plaintiff, before bringing suit, made a demand of the defendants for the horse or its value, all which was refused. The plaintiff was appointed administrator on the 8th of July, 1890, by the surrogate of Delaware county upon petition by the proper party showing all the facts necessary to give the surrogate jurisdiction.

In defense the defendants show that, prior to plaintiff's appointment, and on the 19th of September, 1889, Daisy Mullenix, the widow of said deceased, was, upon petition, in due form appointed administratrix by the same surrogate, and that the records of his office do not show that any order has been made revoking such letters. The defendants, therefore, claim that the appointment of plaintiff was void and that plaintiff showed no title to the subject of the controversy.

It appeared that the widow was a minor, being at the time of the trial about eighteen years old. The appointment of the plaintiff as administrator was made at her request, she, for that purpose, asking for the appointment of plaintiff as her general guardian. He was so appointed, and then, as such, upon proper papers, was appointed administrator. The widow in her petition stated, among other things, that prior to that time no letters of administration had been applied for or granted so far as she knew. The defendants in their answers deny the appointment of the plaintiff, but do not allege the prior appointment. They set up that all the property left by the intestate did not exceed four hundred dollars; that all of this became, at the death, the property of the widow as such, and that she took possession claiming to be the owner; that afterward and prior to April 2, 1890, she, for valuable consideration, sold the horse to one A. L. Brown, who, on April 2, 1890, executed to the defendant Victor Finch a chattel mortgage thereon, and that defendants hold under that mortgage.

The court held that the plaintiff could maintain the action, and that the validity of the letters issued to plaintiff could not in this action be contested by the defendants.

In *Power* v. *Speckman* (126 N. Y., 354, 357), it was said of a similar situation, that the order of the surrogate making a second

appointment while the first stood unrevoked, was not void or without jurisdiction because of the previous appointment; that that fact simply made it erroneous or irregular and liable to be reversed on appeal or vacated on a proper application, and that in the latter case, if the second appointee could furnish some lawful reason for the revocation of the prior letters, they might have been revoked and his own authority permitted to stand. If the surrogate had jurisdiction, then, under section 2591 of the Code, the letters to plaintiff were conclusive evidence of his authority. He, in this action, sought to recover of the defendants a portion of the assets of the estate after himself making of them a proper demand. We think that the court below did not err in holding that the plaintiff could maintain the action so far as his appointment was concerned.

It would not, however, follow from this, nor did the court below hold that the defendants would be precluded from justifying their action through some act of or transaction with the first administrator within the line of her apparent power.

Upon the evidence there is some question whether the horse was included in the mortgage under which the defendants claim. The description of the property in the mortgage would seem to exclude it. Be that as it may, the defendants failed to show that the widow ever sold the horse to the mortgagor. Upon this subject, however, the defendants offered to prove the declarations of the widow after her appointment as administratrix and before plaintiff's appointment. These were objected to as incompetent and not binding upon plaintiff, and were excluded. In this ruling the defendants claim error.

The declarations offered had reference to a past transaction, and were, in substance, that she had, at some previous time, sold the horse to the mortgagor. These were not admissible against the plaintiff within the rule laid down by the Court of Appeals in *Davis* v. *Gallagher* (124 N. Y., 487); see, also, 2 Wharton on Evidence (§ 1199); *Pease* v. *Phelps* (10 Conn., 62, 68). There is no basis in the case for an estoppel.

The judgment is for the value of the horse as found by the jury. We find no good reason for disturbing it.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.