DAVID J. KIRKPATRICK, Respondent, *v.* JAMES E. BRIGGS, Appellant.

*Negligence — damages for personal injuries — declarations of third persons as to leaving a trap door open being careless — res gestæ.*

In an action brought to recover damages for personal injuries alleged to have been sustained by reason of the plaintiff having fallen through an open trap door of the defendant (where the negligence of the defendant is a question sharply litigated upon the trial), the declarations of third persons, as to whether the act of leaving the trap door open was careless or not, are but an expression of opinion on their part, and inadmissible in evidence.

Where such declarations were not made until after the accident had happened, and the plaintiff had been helped out of the place wherein he had fallen, they form no part of the *res gestæ*, and, when the question of the defendant's negli-

gence is one of fact submitted to the jury, it cannot be determined that the admission of such evidence did no harm to the party against whom it was received, and the admission thereof requires the reversal of the judgment.

APPEAL by the defendant, James E. Briggs, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 17th day of August, 1893, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 17th day of August, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Miller*, for the appellant.

*Eugene Van Voorhis*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages for personal injuries.

It is claimed that on the 6th day of January, 1892, the plaintiff was walking along the south sidewalk of Central avenue in the city of Rochester in front of the Brackett House; that it was storming heavily at the time and he had his umbrella up; that the defendant's basement extended under the sidewalk, through which there was an opening covered by trap doors; that at the time one of the doors was open and lying over flat upon the sidewalk; that the plaintiff in passing along the walk stepped into the opening, receiving injuries to recover the damages resulting from which this action was brought.

Upon the trial, after the plaintiff had given evidence tending to support the allegations of the complaint, the defendant called as a witness Thomas Burk, who was a servant in his employ, who testified that the first thing he saw after the accident was his son picking the plaintiff up. He then asked the plaintiff, "What did you go in there for?" and the plaintiff answered, "You must excuse me, I didn't know where I was going."

James Burk, the son of the former witness, who was also in the employ of the defendant, testified that he helped the plaintiff out, brushed him off, and that he then walked away without assistance; that he asked him if he was hurt, and the plaintiff said, "No, that is nothing;" that as the plaintiff walked down the street toward the

opening before the accident he said to him, "Be careful of the opening, you may step in," and that the plaintiff made no reply.

The plaintiff was then recalled and contradicted the testimony of the Burks as to the statements made by them to him and his replies thereto. He further testified that a man with an ulster came up after he was helped out of the hole and said to the man with the overalls on, which was the younger Burk, "That is a very careless way to leave that, young fellow," and that then the man with the overalls on put the trap door down.

Defendant's counsel moved to strike out the testimony of the plaintiff as to the declarations of the man with the ulster. The court declined to entertain the motion; thereupon, at the close of the charge, the defendant's counsel requested the court to instruct the jury to disregard that evidence. The court declined to so instruct the jury and the defendant's counsel took an exception.

We do not understand that this evidence was competent. The negligence of the defendant appears to have been a question sharply litigated upon the trial. The declaration of third persons as to whether the act of leaving the trap door open was careless or not was but an expression of an opinion and in this instance was also hearsay. It was not made until after the accident had happened and the plaintiff had been helped out. It was no part of the *res gestæ*. (*Davis* v. *Gallagher*, 124 N. Y. 487–492.)

The trial court appears to have been of the opinion that the evidence was competent in rebuttal, but we do not so understand it. Undoubtedly the plaintiff had the right to controvert the testimony given by the Burks. This he did, but the Burks had testified to nothing in reference to the declarations of other persons than the plaintiff, and we fail to see how or in what manner the expression of an opinion by the man with an ulster tends in any way to contradict the testimony of the Burks as to what was said on the occasion referred to.

It is now contended that the evidence did the defendant no harm; that it was negligence on the part of the defendant to leave the trap door open in the manner described. If we could so determine as a matter of law possibly this contention might be sustained, but whether it was negligence or not appears to have been a question of fact which the court submitted to the jury. If the opening was guarded,

or if the defendant's servants stood by warning persons traveling upon the walk, as they claim to have done, there might have been no negligence on the part of the defendant, but it appears that these statements were controverted and it thus became a question of fact for the jury.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, costs to abide the event.