## THE INDIANAPOLIS STREET RAILWAY COMPANY *v.* WHITAKER.

[No. 20,003.   Filed February 20, 1903.]

STREET RAILROADS.—*Injury to Passenger While Attempting to Alight.*— *Instruction.*—Where the only negligence charged in an action against a street railway company was the sudden starting of the car while the plaintiff was on the running-board in the act of getting off, an instruction that plaintiff after she left the car assumed all risk in stepping or walking over the street in the condition it was then in was properly refused.   *pp. 126, 127.*

EVIDENCE.—*Res Gestae.—Declarations.*—Utterances and exclamations of participants, or of persons acting in concert, made immediately before or after, or in the execution of an act, which go to illustrate the character of the act, are usually admissible in evidence on the ground that they are a part of the *res gestae;* but the utterance or declaration of a person who sustains no relation to the transaction is not admissible.   *pp. 127, 128.*

SAME.—*Street Railway Accident.—Res Gestae.—Declaration of Passenger.* —In an action against a street railway company for injuries sustained by a passenger and alleged to have been caused by the sudden starting of the car, it was error to permit another passenger who saw the accident to testify that she stated to the conductor at the time that if he had stopped the car the accident would not have happened.   *pp. 127–129.*

From Morgan Circuit Court; *M. H. Parks*, Judge.

Action by Katie Whitaker against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901.   *Reversed.*

*W. H. Latta, F. Winter* and *C. Winter*, for appellant.

*J. J. Rochford, J. M. Wall, C. G. Renner* and *J. C. McNutt*, for appellee.

HADLEY, C. J.—This action was brought by appellee to recover damages for personal injuries alleged to have been received by the negligent act of appellant in starting its car while appellee, a passenger, was in the act of alighting therefrom. The case went to the jury on the general denial.

Verdict and judgment for appellee for $800. `The error relied upon for a reversal is the overruling of appellant's motion for a new trial.

1. At the proper time appellant tendered and requested the court to give to the jury twenty-four instructions. The court refused to give the fourth, seventh, eighth, eleventh, twenty-second, and twenty-fourth, and gave all the others as asked, except the twenty-third, which was given as modified. The action of the court in rejecting these instructions is the first question presented. The twenty-second was not germane. The only negligence complained of is the violent and sudden starting of the car, without warning, while the plaintiff was on the running-board, in the act of getting off, whereby she was thrown to the ground and injured. The twenty-second proposition was, in effect, that the plaintiff, so far as this case is concerned, assumed all the risk of stepping or walking over the street in the condition it was then in. The conduct of the plaintiff, and her relation to the peril in walking over the street after she had left the car, had nothing to do with the case, and the instruction requested on that point was properly refused. The other requests refused, while generally containing true expressions of the law, were all given, in substance, by the court, in numbers submitted to the jury of its own motion. The modified instruction is as follows: "If you further find from the evidence that the negligence of the plaintiff, in any respect, caused or contributed to her injury (in such a way as to be the proximate cause thereof), you must find for the defendant, even though the defendant also be negligent as charged." The modification consisted of inserting the words within the parenthesis. The modifying words are subject to at least a verbal, if not a more serious objection; but, as the cause will have to be reversed for another reason, we deem it unprofitable to discuss it.

Eleven of the instructions given by the court are also challenged. They consist in the definition of negligence,

contributory negligence, and proximate cause; that the action, to be maintainable, must rest upon a violated duty; the constant duty of care for one's safety, but the right of plaintiff to assume that the defendant would do its duty in observing care in extending to her time and opportunity safely to alight from the car; what acts would not constitute contributory negligence; a carrier of passengers, while not an insurer of safety, is required to exercise the highest degree of care to secure safety; it is the duty of a street car company to stop and hold its car stationary until the passenger has time to alight; and what is meant by the "burden of proof." The court gave to the jury, in all, thirty-five instructions, fully, clearly, and correctly covering every phase of the case. We have carefully examined the charge in its entirety, in connection with the propositions refused, and have become convinced that the charge was not only full, and free from error, but, in all its terms, quite as favorable to the defendant as it had the right to ask. On account of the number brought in question, and in the absence of special assault upon any, we have not felt justified in extending this opinion by setting them forth in detail.

2. The record shows that Sarah Johnson, a witness for the plaintiff, in her direct examination, having described the falling of the plaintiff from the car to the street, and witness' assistance in helping plaintiff up, was asked and permitted to answer, over the objection of the defendant, the following question: "Was anything said there by you to the conductor while she [meaning plaintiff] was on the ground, about them stopping the car, or Mrs. Whitaker's falling? A. Yes, sir; I said when she first fell, 'if you had stopped and let her off, this would not have occurred.' " The conductor made no reply, as is shown by what immediately followed. Utterances and exclamations of participants, or of persons acting in concert, made immediately before or after or in the execution of an act, which go to illustrate the character and quality of the act, are

usually admissible on the ground that they are a part of the *res gestae,* and provable like any other fact that elucidates the issue. The rule, however, seems to be exclusive, that to render the expression or declaration of another admissible, the party making it must have been so related to the occurrence as to make his declaration a part of it. The test seems to be that to render the utterance, or declaration of another admissible, it must flow from one of the actors, or from one sustaining some relation to the transaction, and be so intimately connected with the litigated act as to be the act speaking of itself through the witness, and not the witness speaking the words of another, employed concerning the act. Gillett, Ind. & Collat. Ev., §290; *Wilkins* v. *Ferrell,* 10 Tex. Civ. App. 231, 30 S. W. 450; *State* v. *Riley,* 42 La. Ann. 995, 8 South. 469; *Kaelin* v. *Commonwealth,* 84 Ky. 354, 366, 1 S. W. 594; *Senn* v. *Southern R. Co.,* 108 Mo. 142, 18 S. W. 1007; *Kirkpatrick* v. *Briggs,* 78 Hun 518, 29 N. Y. Supp. 532.

In the last case cited the plaintiff fell through an open trap-door in the sidewalk. On the trial for negligent injury, the plaintiff was permitted to testify that after he was helped out of the hole by the defendant's servant, who had left the trap-door open, a man came along and remarked to the defendant's servant: "That is a very careless way to leave that, young fellow." Held to constitute reversible error.

In Senn's case the father did not see the accident, and reached the place within two or three minutes after its occurrence. He was asked on the trial what he said to the driver, and answered: "I said to him, 'It was your careless driving.'" The remark was held to be no part of the *res gestae,* and inadmissible.

The witness Johnson was wholly disconnected with the occurrence. She had testified to having been but a few feet away, in the act of crossing the street, when the car arrived at the crossing and stopped, and to having seen the plaintiff

Indianapolis St. R. Co. *v.* Whitaker.

leave her seat and proceed to alight from the car, and, while in the act of getting out, the car moved off with a sudden jerk, throwing the plaintiff to the ground. As to all that happened at the time of the plaintiff's injury the witness was a mere onlooker, and there appears no more reason why her utterance should be received as original evidence than the comments of other bystanders. What the witness said at the time of the occurrence, if competent at all as direct evidence, might have been just as properly testified to by another who heard the words. Because the witness herself had made the remark added nothing to its competency. It is clear that it was error in the court to admit the evidence, and likewise error to overrule the motion to strike it out.

We are unable to say that the evidence did the defendant no harm. The most prominent question in controversy was whether the car stopped and remained stationary until after the plaintiff had alighted, and that she fell from stumbling in the street after she had left the car, or whether, while in the act of descending from the running-board, the car's sudden and violent movement forward threw her to the ground. There was a greater number of witnesses who testified for the defendant in this contention than for the plaintiff, and it is by no means clear that the observations of the witness, expressed within a minute of the accident, did not result in the jury giving more weight to her testimony than they would otherwise have found it entitled to.

Judgment reversed, with instructions to grant appellant a new trial.