## INDIANAPOLIS STREET RAILWAY COMPANY *v.* TAYLOR.

[No. 20,395.  Filed January 3, 1905.  Rehearing denied January 25, 1905.]

1. EVIDENCE.—*Street Railway Accident.—Declarations of Third Party to Motorman After Accident.—Res Gestae.*—The declarations of a third party to the motorman of a street car immediately after the accident complained of, that such car was "run without any lights," and that he was "running dark," no reply thereto being made by such motorman, are inadmissible against the street railway company, *res gestae* declarations being confined to the parties or those related in some manner to the transaction.  p. 157.

2. TRIAL.—*Instructions.—Street Railways.—Care in Use of Streets.*—An instruction that a street railway company must "use ordinary and reasonable care" to avoid injuring persons using the streets, and that "greater care is required in populous cities and crowded streets than in sparsely settled districts and streets or highways upon which there are few travelers," is erroneous, as invading the province of the jury.  p. 159.

From Hancock Circuit Court; *E. W. Felt,* Judge.

Action by Charles E. Taylor against the Indianapolis Street Railway Company.  From a judgment for plaintiff, defendant appeals.  Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Reversed.*

*F. Winter, Marsh & Cook* and *W. H. Latta,* for appellant.  *William V. Rooker,* for appellee.

JORDAN, J.—Action by appellee to recover for personal injuries.  The first and second paragraphs of the complaint charge negligence in the operation of the car by which appellee was struck.  The third paragraph alleges that the injury was wilfully inflicted.  The complaint discloses that on the 11th day of November, 1899, appellee was riding a bicycle in the city of Indianapolis, and while attempting to ride across a double-track line of appellant's railway on Illinois street he was struck by a car running south thereon,

and was seriously injured. The cause was originally tried on change of venue in the Shelby Circuit Court, wherein appellee recovered a judgment, which subsequently, on an appeal to this court, was reversed on account of error in the trial court's charge to the jury. *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274. After the cause was reversed and remanded, it was tried by jury, on change of venue, in the Hancock Circuit Court, and a verdict in favor of appellee for $6,000 was returned. Along with this general verdict the jury returned answers to a series of interrogatories. Over appellant's motion for a new trial, judgment was rendered against it for the amount of damages assessed by the jury. From this judgment it appeals.

Among the alleged errors discussed and relied upon for reversal are the following: (1) Denying a request for the court to instruct the jury to find in appellant's favor on the third paragraph of the complaint; (2) admission of certain evidence; (3) giving certain instructions to the jury. In answer to the objections of counsel for appellee it may be said that the court's rulings on giving and in refusing certain instructions, together with its rulings on other motions and matters which appellant urges for a reversal, have all been properly brought into the record by bills of exceptions.

At the close of the evidence appellant unsuccessfully moved that the court give a peremptory charge to the jury to find in its favor on the third paragraph of the complaint. Appellant contends that in overruling the motion the court erred, as there is no evidence whatever to warrant a finding that the injury was wilfully inflicted, as charged in said paragraph. It will, however, serve no useful purpose for us to review the evidence in order to determine this question, for such error, if any, was harmless, because the special findings of the jury disclose that the general verdict is not based upon the third paragraph, but is predicated on the paragraphs of the complaint which charge that the injury resulted from negligence in the operation of the car by which

appellee was struck.  It is shown by the evidence that the
accident in controversy occurred between 8 and 9 o'clock
on the night of November 11, 1899.  Appellee at the time
was riding a bicycle on Vermont street, going east across
Illinois street, and in his attempt to cross the latter street
he was struck by one of appellant's cars going south thereon,
on the west track.  The west track was used by cars running
south, and the east track by cars running north.  After
appellee was struck he was carried by the fender of the car
some distance, until the car stopped in front of Flanner &
Buchanan's undertaking establishment on Illinois street,
in front of which there was a light burning.

1.  James H. Bacon, a witness on behalf of appellee,
testified that on the night of the accident he and his wife,
about 8:30 o'clock, were walking on Illinois street between
Vermont and New York streets.  As they were passing
along, his attention was attracted by a noise which sounded
as though the street car going south at the time had struck
something.  The witness stated that soon after he heard this
noise the car in question stopped in front of the above-men-
tioned undertaking establishment.  He testified that he had
reached this point by the time the car stopped.  He stated
that when the car stopped he saw a man under it, who proved
to be appellee.  After the car stopped, it appears the motor-
man alighted therefrom.  The witness was asked by appel-
lee's counsel to state to the jury what he (the witness) said
at that time to the motorman.  In response to this question
he testified as follows:  "When he [the motorman] got off
of the car I says to him, 'You run without any lights; you
are running dark.'  I says, 'You had better get up there
and back the car so we can get this party out.' "  To these
remarks the motorman made no reply.  This evidence was
permitted to go to the jury over the objections and excep-
tions of appellant.  After the evidence had been given, ap-
pellant unsuccessfully moved the court to strike it out.  Its
counsel earnestly contend that in admitting the declaration

or remarks in question, and also in denying its motion to strike them out, the court clearly erred. The decision in the appeal of *Indianapolis St. R. Co.* v. *Whitaker* (1903), 160 Ind. 125, is cited and urged in support of their contention. The question, as here presented, is the same as the one involved in that case, and the decision therein must be accepted as a ruling precedent on the point here involved. Counsel for appellee, however, insist that the evidence was admissible as a part of the *res gestae.*

In *Indianapolis St. R. Co.* v. *Whitaker, supra,* a witness on behalf of the plaintiff was asked the following question: "Was anything said there by you to the conductor while she [meaning plaintiff] was on the ground, about them stopping the car, or Mrs. Whitaker falling?" The witness, over the objections of the defendant in that case, was permitted to testify in response to the question as follows: "Yes, sir; I said when she first fell, 'If you had stopped and let her off, this would not have occurred.'" To this remark the conductor in that case made no reply. The declarant James H. Bacon, under the facts as shown, was wholly disconnected with the occurrence, as was the witness in the case cited. He was nothing more than a mere bystander or looker-on at the time he made the remarks or declarations in question. This court in the Whitaker case, in reviewing the admissibility of the evidence as there involved, said: "Utterances and exclamations of participants, or of persons acting in concert, made immediately before or after or in the execution of an act, which go to illustrate the character and quality of the act, are usually admissible on the ground that they are a part of the *res gestae,* and provable like any other fact that elucidates the issue. The rule, however, seems to be exclusive, that to render the expression or declaration of another admissible, the party making it must have been so related to the occurrence as to make his declaration a part of it. The test seems to be that to render the utterance or declara-

tion of another admissible, it must flow from one of the actors, or from one sustaining some relation to the transaction, and be so intimately connected with the litigated act as to be the act speaking of itself through the witness, and not the witness speaking the words of another, concerning the act. Gillett, Indirect & Collat. Ev., §290; *Wilkins* v. *Ferrell* [1895], 10 Tex. Civ. App. 231, 30 S. W. 450; *State* v. *Riley* [1894], 42 La. Ann. 995, 8 South. 469; *Kaelin* v. *Commonwealth* [1886], 84 Ky. 354, 366, 1 S. W. 594; *Senn* v. *Southern R. Co.* [1891], 108 Mo. 142, 18 S. W. 1007; *Kirkpatrick* v. *Briggs* [1894], 78 Hun 518, 29 N. Y. Supp. 532. In the last case cited the plaintiff fell through an open trapdoor in the sidewalk. On the trial for negligent injury, the plaintiff was permitted to testify that after he was helped out of the hole by the defendant's servant, who had left the trapdoor open, a man came along and remarked to the defendant's servant: 'That is a very careless way to leave that, young fellow.' Held to constitute reversible error." The fact that the declarations in question were testified to by the person who made them does not present the question in any different light, so far as their admissibility is concerned, than if they had been introduced in evidence through some other person who was present at the time and heard them made. In the case at bar, among the things sharply contested, was whether the car which struck and injured appellee was being run at the time of the accident without lights, or, in the language of the witness, was "running dark." What influence or effect the evidence in controversy may have had upon the jury in arriving at their verdict we are unable to say. That in admitting this evidence the trial court clearly erred is beyond controversy.

2. Appellant complains, among others, of instruction No. 54. By this charge the court informed the jury that "a street railway company operating cars is required to use ordinary and reasonable care to avoid injuring persons who are using the highways upon which the cars are being oper-

ated. The degree of care and the means to be employed depend upon the conditions existing at the time and place in question.". Immediately following, in the same instruction, the court stated to the jury that "greater care is required in populous cities and crowded streets than in sparsely settled districts and streets or highways upon which there are few travelers." One of the principal questions to be determined by the jury was that of negligence on the part of appellant in running the car in question at the time of the accident. This question was one of fact to be determined by the jurors under all of the evidence and circumstances in the case. It is contended, therefore, by counsel for appellant, that the court, in stating to the jury that "greater care is required in populous cities and crowded streets," etc., clearly invaded the province of the jury. They say: "Ordinary care alone was required of the motorman, and, while we do not dispute the proposition that the jury have a right, in determining what is ordinary care, to take into consideration the number of people living along and using the streets, we do say that the degree of diligence necessary to make ordinary care does not depend upon the density of the population alone. * * * No more than ordinary care is required in either city or country. The court might as well say that greater care is required in Indiana than in Illinois, or in Marion county than in Hancock county."

As a general rule, which is fully supported by the decisions in this jurisdiction, where it appears that the trial court in its charge to the jury has overstepped the line which separates the law from the facts, such instructions will constitute reversible error, unless it is affirmatively disclosed by the record that the error was harmless. While it is the province or right of the trial court to instruct the jury fully, freely and pointedly on all matters of law applicable to the case, still the court in doing so is not authorized to usurp or intrench upon the functions of the jury in the determination of matters of fact. This rule is well affirmed by the fol-

lowing authorities, and many others.    *Garfield* v. *State*
(1881), 74 Ind. 60; *Finch* v. *Bergins* (1883), 89 Ind. 360;
*Goodwin* v. *State* (1884), 96 Ind. 550; *Lewis* v. *Christie*
(1885), 99 Ind. 377; *Union Mut. Life Ins. Co.* v. *Buch-
anan* (1885), 100 Ind. 63; *Unruh* v. *State, ex rel.* (1886),
105 Ind. 117; *Abbitt* v. *Lake Erie, etc., R. Co.* (1898), 150
Ind. 498; *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194;
*Fassnacht* v. *Emsing-Gagen Co.* (1897), 18 Ind. App. 80,
63 Am. St. 322; *Pennsylvania Co.* v. *Hunsley* (1899), 23
Ind. App. 37.

Whether appellant at the time of the accident had exer-
cised the care which the law exacted in the operation of
its car was a question of fact to be determined by the jury
under all the circumstances and evidence in the case appli-
cable to that point.   It is true that any evidence tending to
show that the place where the accident occurred was, in a
populous city or crowded street was proper to be considered
by the jury, along with all other applicable evidence, in the
determination of appellant's alleged negligence.   While, as
a matter demonstrated by common experience, it may be
true that greater care in the operation of street cars is nec-
essary to avoid accidents in populous cities or crowded
streets or highways than is necessary in "sparsely settled
districts or on streets or highways where there are few
travelers," nevertheless such a question, so far as involved
in the case at bar, was a matter of fact to be decided by the
jury, and not a matter of law to be announced by the court
from the bench. This court said in *Goodwin* v. *State, supra:*
"It is proper for the court to direct the minds of the jury to
the facts of the case, but it is not proper for it to annex
weight and value to them; that is the exclusive province of
the jury."

Of course, it was within the province of the court to have
directed the minds of the jurors to any particular evidence
in the case applicable to the question of ordinary care to be

considered by them, along with all of the other evidence upon the same point, in determining whether appellant, at the time of the accident, was exercising such care in the operation of its car; but it was not the right of the court to advise the jurors, as it in effect did, what weight or value they should attach to any such evidence. Whether the instruction in question is impressed with other infirmities we do not decide. That it is bad for the reason stated is manifest.

Other alleged errors are discussed by counsel for appellant, but as these may not necessarily arise in another trial we pass them without consideration.

For the errors pointed out, the judgment is reversed, and the cause remanded, with instructions to the lower court to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.