RED STAR YEAST COMPANY *v.* SHACKLEFORD.

[No. 13,946.   Filed May 2, 1930.]

*Bingham, Mendenhall & Bingham,* for appellant.
*Zeph E. Keller,* for appellee.

ENLOE, J.—This was an action to recover damages alleged to have been suffered by reason of a collision between the automobile of appellee and a delivery truck, alleged to have been owned by appellant, whereby the automobile of appellee was damaged.

The complaint, which was in one paragraph, alleged the ownership of the truck to be in appellant, that said truck was being then and there run and operated in a "careless,

reckless, and unlawful manner." It appears from the averments of the complaint that appellee was driving east on McCarty Street, and that the truck of appellant was being driven west on the same street, and that, at the time of the collision, said truck was being driven on the south side of said street. It is alleged that as a result of the said collision, the automobile of appellee was damaged to the extent of $500.

This complaint was met by an answer in denial; the cause was submitted to a jury for trial, which returned a verdict in appellee's favor in the sum of $250. Appellant's motion for a new trial having been overruled, this appeal followed, the error assigned being the action of the court in overruling said motion.

At the close of all the evidence, counsel for appellant tendered and requested that it be given an instruction directing the jury to find for the defendant (appellant), but this instruction the court refused to give and this refusal is first presented as being error.

It is the contention of counsel that there is no evidence in the record sufficient to establish the relationship of principal and agent, or master and servant, between the driver of said truck and appellant herein.

There is evidence to the effect that said collision occurred at about 4:30 p. m. of February 8, 1929; that one Van Strohm was the driver of said truck. Grover C. Martin testified that, on the day named, he purchased some yeast of the appellant company and that Van Strohm made a delivery of the yeast so purchased to his place of business sometime between the hours of 4:30 and 6 o'clock p. m. of said day. It is also in evidence that the body of the truck then driven by said Van Strohm had a large red star painted on the side thereof with the word "yeast." With this evidence in the record, we cannot say that the court erred in refusing to give said tendered instruction No. 1. Nor did the

court err in refusing to give appellant's tendered instruction No. 4.

Appellant next complains of the action of the court in admitting, over a timely objection, certain evidence, and also in overruling the motion of appellant to strike out said evidence, after the same had been given. The record discloses the following concerning the matter now being considered, the witness being the appellee herein: Q. "What was the first statement made by Mr. Van Strohm immediately after the collision?" To this question an objection was interposed and the same overruled, whereupon the witness answered: "He said—'Don't call the police; we are covered by insurance; I have two deliveries to make; I am late.'"

Counsel for appellant then moved to strike out the answer, for the reason that the same was not a part of the *res gestae*. This motion was also overruled.

The question, as asked, and to which the objection was made, was, in itself, a proper question, and the answer thereto might have been strictly proper as being a part of the *res gestae*, and, therefore, the court did not err in overruling said objection. But, overruling the motion to strike out the answer presents a different question. In the case of *Indianapolis St. R. Co.* v. *Whitaker* (1903), 160 Ind. 125, 66 N. E. 433, the court said: "Utterances and exclamations of participants, or of persons acting in concert, made immediately before or after or in the execution of an act, which go to illustrate the character and quality of the act, are usually admissible on the ground that they are a part of the *res gestae*, and provable like any other fact that elucidates the issue. The rule, however, seems to be exclusive that to render the expression or declaration of another admissible, the party making it must have been so related to the occurrence as to make his declaration a part of it. The test seems to be that to render the utterance or declaration

of another admissible, it must flow from one of the actors, or from one sustaining some relation to the transaction, and be so intimately connected with the litigated act *as to be the act speaking of itself through the witness,* and not the witness speaking the words of another, employed concerning the act." (Our italics.) The answer given embodied three separate facts: that the driver was late; that he had two deliveries yet to make; and that there was insurance covering somebody, presumably the appellant. The answer in no way threw any light upon the fact of the *collision,* it did not measure up to the requirements of the rule to become a part of the *res gestae,* and the motion to strike out should have been sustained.

Upon the record before us, we cannot say that the cause has been fairly tried, and the judgment is therefore reversed, with instructions to sustain the motion for a new trial.