RED CAB, INCORPORATED *v.* WHITE.

[No. 26,980. Filed January 25, 1938.]

*Rogers & Smith,* and *Ruckelshaus & Ruckelshaus,* for appellant.

*Thomas McGee, Ben M. Scifres,* and *Roscoe Hollingsworth,* for appellee.

TREMAIN, J.—This is an action on a complaint in two paragraphs by the appellee against the appellant, Phillias Gour, and Red Cab Company for personal injuries. The first paragraph charges that while appellee was walking across Illinois Street in the city of Indianapolis from the east to the west at the intersection of that street with Louisiana Street, which intersection is immediately north of the railroad viaduct and west of the Union Station, the defendant, Gour, while operating a taxicab for the appellant, without any warning, negligently and carelessly failed to slow its speed, "but negligently, carelessly and recklessly, drove his said car into and against her," thereby inflicting serious injuries of a permanent nature. That by reason thereof

she suffered great mental and physical pain, and was compelled to spend the sum of $1,000 for hospital, nursing, and surgical treatment.

The second paragraph of complaint, in addition to the allegations contained in the first, charges that appellant operated the taxicab in violation of a city ordinance, which provides that at a crossing of the nature of the one at the Illinois and Louisiana Street intersection, vehicles shall yield the right of way to pedestrians.

The issue was formed by an answer in general denial. There was a trial by a jury, verdict and judgment for the plaintiff in the sum of $2,500. Motions in arrest of judgment and for a new trial were filed and overruled. Appeal was taken to the Appellate Court. The errors relied upon for reversal are: (1) The court erred in overruling the appellant's motion for a new trial. (2) The court erred in overruling the appellant's motion for a *venire de novo*.

The first ground for a new trial discussed by appellant in its brief is based upon the alleged insufficiency of the evidence. It contends that there is no evidence to support the verdict and judgment, and that the appellee was guilty of contributory negligence. The record discloses that about nine o'clock in the evening of June 10, 1934, the appellee alighted from the east side of a street car at the place designated above; that the street car was traveling north on Illinois Street; that as soon as the car moved out of her way, the appellee started directly west across the street upon an unmarked line for the use of pedestrains; that Illinois Street is approximately sixty feet in width at that point; that a double street car track occupies the center of the street; that it is approximately seventeen feet from the west rail of the street car track to the west curb of the street; that appellee passed over the street car tracks and looked north and south for approaching cars, and seeing

none, proceeded to cross the street; that when three or four feet west of the west rail of the street car track, without any warning, she was run down by the taxi owned and operated by appellant; that the taxi was traveling south on the east side of the west half of Illinois Street; that when the car came to a stop it was headed to the southeast, and was on the part of the street occupied by the street car tracks. The testimony of the witnesses places the speed of the taxi from twenty to twenty-five miles per hour.

The evidence further discloses that the location of the accident was in a closely built-up section of the city; that the street at that point was well lighted, and a person crossing the street could be seen easily; that the driver of the taxi testified that at the time of the accident he was conveying a passenger to a point south on Illinois Street, but he did not testify that he delivered the passenger at any destination. No person testified as a witness who claimed to have been a passenger in the taxi at that time. It is further disclosed that the east side of Illinois Street, north of where the accident occurred, was a taxi stand for taxies in taking passengers from the Union Station.

Can this court say, as a matter of law, that there was no evidence of negligence upon the part of the appellant? Considering the evidence most favorable to appellee, it will be seen that the taxi was traveling at a speed of twenty to twenty-five miles per hour in a closely built-up section of the city at a time and place when the traffic was "fairly heavy"; that the taxi was being operated on the east half of the west half of Illinois Street at nine o'clock in the evening with the street well lighted; that if the taxi had been traveling on the west side of the street it would not have struck appellee. Whether the taxi was being operated in the manner provided by statute, whether the operation was in a

negligent and careless manner, and whether the driver was free from negligence are questions of fact to be determined by the jury.

Upon the question of the appellee's contributory negligence, the evidence discloses that she was crossing the street at an intersection, and under the ordinance of the city in force at that time, she was given the right of way over the taxi. This was a question for the jury and not a question for the court to determine.

There is some evidence from which the jury might reasonably conclude that the appellant was guilty of negligence in the operation of the taxi, and that there was no evidence of contributory negligence upon the part of the appellee. In other words, more than one inference may be drawn from the facts. Therefore the question of negligence is one of fact for the jury to determine. *Indianapolis Traction, etc., Co.* v. *Miller* (1913), 179 Ind. 182, 100 N. E. 449.

The Spencer Hotel is located on the northwest corner of the intersection of Illinois and Louisiana Streets. Some men were sitting in chairs in front of the hotel at the time of the accident which occurred some fifty or sixty feet south of the hotel. The appellant examined one of these men as a witness for the defense. The witness was asked concerning a remark made to him by a man sitting by his side. Objection to the question was sustained. Appellant claims that this was error. There was no error in sustaining the objection for the reason that the declaration of a bystander is not admissible where it is not a part of the *res gestae*. It appears that the witness and the party speaking to him were in no wise connected with the transaction, and were not in the presence of either the taxi driver or the appellee. *Chicago, etc., R. Co.* v. *Cummings, Admr.* (1900), 24 Ind. App. 192, 53 N. E. 1026; *Indianapolis St. R. Co.* v. *Taylor* (1905), 164 Ind. 155, 72 N. E. 1045;

*Indianapolis St. R. Co.* v. *Whitaker* (1903), 160 Ind. 125, 66 N. E. 433.

Appellant predicates error upon the ruling and remarks of the court in sustaining an objection to the following question propounded by appellant in direct examination of one of its witnesses, a policeman: "Did you make any arrests at that time?" In sustaining an objection the court stated that the question was a repetition of a similar one asked another policeman, to which the court sustained an objection. The court said: "and in the judgment of the court this question is asked for the purpose of influencing you to infer from the fact that the police didn't make an arrest that the driver of the taxicab was not at fault." The court then cautioned the jury not to consider for any purpose the fact as to whether the policeman did or did not make an arrest, but cautioned them to decide the case on the evidence before it.

The part quoted from the court's remarks is subject to criticism. The record discloses that a similar question had been propounded by appellant to another policeman, to which an objection had been sustained. Counsel for appellant may be open to criticism because the court had sustained an objection to the same question, and knowing the court's view upon that subject, counsel should have refrained from repeating the question, and thereby inviting, to a certain degree, the remarks of the court. The fact as to whether or not an arrest had been made had no connection whatever to the question of negligence or freedom of negligence. It pertained to a matter wholly foreign to the question before the court and jury. The remarks of the court did not constitute reversible error.

The appellant predicates error upon the ninth instruction given to the jury by the court upon its own motion. This instruction embodies the city ordinance

defining the rights of pedestrians in crossing streets at certain intersections. The instruction further sets out certain statutes in this state defining the right and duties of travelers on highways, the first of which was the statute (§47-513 Burns' Ind. St. 1933, §11166 Baldwin's 1934) requiring a motor vehicle upon approaching a pedestrian standing or walking upon the traveled part of a highway to slow down and give a timely signal of the approach. The court then quoted another section of the statute (§47-516 Burns Ind. St. 1933, §11169 Baldwin's 1934) which provides that no person shall drive or operate a motor vehicle upon a public highway at a greater or less speed than is reasonable or prudent, having regard to the width of the highway, density of the traffic, use of the highway, or so as to endanger the life or limb of any person, and further providing that where a motor vehicle is driven through a closely built-up portion of any city in excess of twenty miles per hour, such rate of speed shall be *prima facie* evidence that the person operating the motor vehicle is doing so at a speed greater than is reasonable or prudent.

The court quoted another section of the statute (§47-504 Burns Ind. St. 1933, §11154 Baldwin's 1934) which provides for certain lights on a motor vehicle during a period from one-half hour after sunset until one-half hour before sunrise. After quoting said ordinance and statutes, the court told the jury that it should consider the statutes and ordinance, and if it found any of them applicable to the acts of the plaintiff or defendants at the time of, or immediately before, the collision in question, it should consider such statute or ordinance in deciding the relative rights and duties of the plaintiff and defendants on the street or crossing in question, and from such consideration, together with all relevant facts as shown by the evidence, determine the question of the

exercise of ordinary care upon the part of the plaintiff and defendants.

The appellant objects to this instruction because it says it stated a mere abstract proposition of law not presented by the issues or pleadings; that the instruction quoting the statute regulating the speed of motor vehicles on the highway and leaving to the jury the question of whether the parties were guilty of the violation of such statute was not applicable because, it says, there was no issue of speed presented in the trial; also, that the statute pertaining to the lights for automobiles was not applicable.

One paragraph of the complaint was based on a city ordinance regulating the rights of pedestrians when crossing a street, and the instruction merely informed the jury what that ordinance was, and then proceeded to further inform the jury as to statutory provisions regulating the operation of motor vehicles. The instruction left it to the jury to determine the rights and duties of the respective parties under the ordinance and statutory laws of the state. The speed of the taxi was in question. The lights of the street at the place of the accident were matters under investigation in which some witnesses testified that the place was well lighted and that a pedestrian could be easily seen, while other witnesses denied that fact. The instruction left it to the jury under the law and the facts to determine whether or not the taxi was traveling at a speed greater or less than was reasonable or prudent. It is apparent that the appellant could not have been harmed by this instruction.

The appellant objects to the court's instruction No. 16, in which it told the jury that in determining the measure of damages it should take into consideration any medical or hospital expenses and loss of earnings. The complaint alleged specific damages, and the appellee was permitted to testify, without

objection, that she expended more than $1,400 for hospital, nursing, medical, and surgical treatment. There is no error in giving that instruction. *Louisville, New Albany and Chicago Railway Co.* v. *Falvey* (1885), 104 Ind. 409, 3 N. E. 389, 4 N. E. 908.

The last objection urged by the appellant is that the court erred in overruling appellant's motion for a *venire de novo*. This motion is based upon the proposition that the complaint names three defendants: The Red Cab Company, Phillias Gour, and Red Cab, Incorporated. The verdict was returned against Gour and Red Cab, Incorporated. Judgment was rendered against them. Gour is not made a party to this appeal. No question is presented by appellant on that account. The verdict and judgment are silent as to the Red Cab Company. Upon the trial it was shown that the Red Cab Company was a separate corporation from Red Cab, Incorporated, but was inactive and was not engaged in the taxi business at the time of the accident in question. It appears that the case was tried upon the theory that the Red Cab Company was not considered as a party to the suit. Under the circumstances, it will be considered that the complaint was dismissed as to it.

Finding no reversible error in the record, the judgment of the lower court is affirmed.