GATES ET AL. *v.* HAW ET AL.

[No. 18,327. Filed April 27, 1898.]

APPEAL. —*Bill of Exceptions.*—*Agreed Statement of Facts.*—*Evidence.* —A bill of exceptions stated that the cause was submitted to the court on an agreed statement of facts, which statement is recited. Immediately following the statement of facts the bill stated "that the above agreed statement of facts contains all the facts agreed upon, and which were admitted to the court, and all the facts heard or considered by the court in the determination of the cause." *Held,* that the language of the bill of exceptions showed that the agreed statement was all the evidence given in the cause. *pp. 371-373.*

INTOXICATING LIQUORS.—"*Nicholson Law.*"—*License.*—The fact that the situation and condition of the room in which an applicant for a license desires to sell intoxicating liquors is such that the sales of liquor therein would be unlawful, under section 4, of the act of March 12, 1895, providing that the room shall be so arranged that all parts of it can be seen from the street or highway, is not a ground for refusal to grant such license. *pp. 377, 378.*

---

Gates *et al. v.* Haw *et al.*

---

From the Hancock Circuit Court.   *Affirmed.*

*N. R. Spencer* and *E. J. Binford,* for appellants.

*Charles Downing, W. A. Hough* and *R. A. Black,* for appellees.

McCabe, J.—This was an application to the board of commissioners of Hancock county by the appellees to obtain a license to sell intoxicating liquor in a less quantity than a quart at a time to be drank on the premises. From the determination of said board there was an appeal to the circuit court. The appellants remonstrated on the ground, among others, that the room in which it was proposed to conduct such sales was so situated and constructed as that such sales therein would violate the fourth section of the Nicholson law.   Acts 1895, p. 250.   A trial of the case in the circuit court resulted in a finding for the applicants, and judgment awarding a license to them, as prayed for, over appellants' motion for a new trial on the ground that the finding was contrary to law.

Error is assigned on the action of the circuit court in refusing a new trial. The trial was upon an agreed statement of facts. It was not in the form of an agreed case under the statute, but the facts agreed upon, took the place of the evidence, as was the case of *City of Shelbyville* v. *Phillips,* 149 Ind. 552, and cases there cited.

But we are met with the objection that the bill of exceptions incorporating the agreed statement of facts does not show that such facts constituted all the evidence given in the cause, and the case just cited is referred to as authority for so holding. This case, however, is somewhat different from that. It was stated in the bill of exceptions here that: "The cause was submitted to the court for trial without the intervention of a jury on the following agreed state-

Gates *et al. v.* Haw *et al.*

ment of facts. * * * The parties hereto hereby stipulate by their respective attorneys that for the purpose of the trial of this cause, the following facts are agreed upon and admitted;" and then follows the statement of facts. Immediately following the statement of facts the bill states: "That the above agreed statement of facts contains all the facts agreed upon and which were admitted to the court, and all the facts heard or considered by the court in the determination of said cause." It is insisted by the appellees that this language does not show that the agreed statement of facts contains all the evidence given in the cause. It is true there is a broad distinction, as a general rule, between evidence and facts. Webster defines the word "fact" to be an effect produced or achieved. And he defines the word "evidence" to mean that which is legally submitted to a competent tribunal as a means of ascertaining the truth of any alleged matter of fact under investigation before it. It is said in note 4, 7 Am. and Eng. Ency. of Law, p. 658, that, "Facts constituting a cause of action are those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of the fact." To illustrate further the distinction between a fact and evidence it is said by Ram on Facts, p. 5, that: "A fact, once in complete existence, once ended, admits of no addition, no subtraction; 'nothing can be put to it, nor anything taken from it;' once in existence, it is irrevocable." Not so with evidence tending to prove a fact. It may be added to or subtracted from, weakened, strengthened, or destroyed. So that it may be conceded that a fact is one thing and evidence is quite a different thing, as a general rule. That competent evidence always tends to prove or disprove an alleged fact in dispute. But it may sometimes happen that the fact in issue

and the evidence of that fact are one and the same thing. *Louisville, etc., R. W. Co.* v. *Miller*, 141 Ind. 533. As to the distinction between the facts and the evidence, see *Boyer* v. *Robertson*, 144 Ind. 604.

It is a common thing for members of the legal profession to use the words facts and evidence as synonymous, and in some instances we have seen the fact and the evidence thereof is one and the same thing. In view of all this, and the whole of the language quoted from the bill of exceptions, it is apparent that the word facts was used for the purpose of conveying the same meaning as the word evidence, and the court and counsel manifestly meant by the word "facts" the evidence; and in such a case it is our duty so to construe the language. *Harris* v. *Tomlinson*, 130 Ind. 426. And so construing the language, it is clear that the agreed statement was all the evidence given in the cause. And the bill of exceptions incorporating the agreed statement being properly in the record, it appears that all the evidence given in the cause is properly before us.

The objection, and the sole objection, urged to the finding is that the situation and condition of the room is such as would make it unlawful to sell therein.

It is conceded that the agreed facts entitled appellees to the license, unless the situation and arrangement of the room was such as that a sale therein would violate section 4 of the act in question. And appellants insist that such was the arrangement and situation of the room, and hence that appellees were not legally entitled to a license, and therefore the finding that they were, was contrary to law.

The appellees, however, contend, that even though such was the situation and arrangement of the room, nevertheless, that was not a sufficient legal objection to defeat their application. And they further con-

tend that the agreed statement of facts fails to show that the arrangement and situation of the room are such as that sales therein would violate said section. It reads thus: "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana, for the sale of spirituous, vinous, malt, or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor or basement of the building where the same are sold, and in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens, or obstructions to the view shall be arranged, erected, or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law. Upon conviction for the violation of this or either of the foregoing sections of this act the defendant shall be fined in any sum not less than $10.00 nor more than $100.00, to which may be added imprisonment in the county jail not exceeding ninety days, and in case of conviction for the second offense either upon a plea of guilty or conviction upon trial thereof, in any circuit, superior, criminal, justice, or police court of Indiana, as a part of the judgment, the court may make an order revoking the license of the person convicted, which said judgment shall have the effect to completely annul and set aside such license, and all privileges and rights under the same. And upon the third conviction or plea of guilty entered, the court rendering judgment thereon shall annul and set aside such license and all privileges and rights under the same." This section clearly

contemplates that a license may be granted to the applicant, even though a sale under such license may violate some of the provisions of the section.   Because it provides for a fine of such licensee of not less than $10.00 nor more than $100.00 for such violation, and for the second or third offense a revocation of such license.   The section contemplates the granting of the license, though a sale thereunder in the room may violate it, or it would not provide for its revocation as a part of the penalty for such violation.

It must be conceded that at least a part of the things forbidden by the section, for instance, that, "no blinds, screens, or obstructions to the view of said room shall be arranged, erected, or placed so as to prevent the entire view from the street," etc., relate to acts to be done or suffered after the issue of the license.   And even though the license issue, and such obstructions to the view are erected, and no sale takes place in such room under such license, there is no violation of the section, it has been held.   *Hipes* v. *State,* 18 Ind. App. 426.

If, therefore, the things forbidden in the section relate to acts and things that may transpire after the grant of the license, it would be unreasonable to suppose that a trial of such questions was intended to precede the granting of the license.   It is true, some of the things forbidden in the section may not relate to future acts and occurrences, but the provisions of the section make no distinction between existing matters and those which occur in the future.

To maintain their position, appellants' learned counsel refer us to the first section, but it seems to us that that section is against their contention, and not for it.   The part of it cited reads thus:   "That hereafter all persons applying for a license before any board of county commissioners, under the exist-

Gates *et al. v.* Haw *et al.*

ing laws of the State of Indiana, to sell spirituous, vinous, malt or other intoxicating liquors, shall, in such application, specifically describe the room in which he desires to sell such liquors, and the exact location of the same, and if there is more than one room in the building in which such liquors are intended to be sold, said applicant shall specifically describe and locate the room in which he desires to sell such liquors in such building." While it is true that to "specifically describe the room" and "the exact location of the same," as provided in section 1, it would be necessary to state that it was "situated upon the ground floor or basement of the building * * * and in a room fronting the street or highway upon which such building is situated" and to prove these allegations before the board can grant a license, yet it seems to us that it is no part of a specific description of a room to state whether the whole of the interior thereof can be seen from the street in front of it. Every piece of timber, every piece of iron, every pane of glass, and everything about a room, every door, every window, and every opening in a room, together with its size, length, depth and breadth and its exact situation as to street and ground floor or basement can be specifically described without stating whether the whole or any part of the interior of the room can be seen from the street in front of it. Just as a tract, lot, or parcel of land can be specifically described without stating whether from any given standpoint one can see all over it, and into the hollows or low places in or on it. If the application is not required to set forth such a description as shows that the interior of the room can be seen from the street in front of it, as we think it is not, it is difficult to see how that question can arise on application for a license. It is claimed by

appellants that it was raised by their remonstrance on that ground. But that the interior of the room cannot be seen from the street in front has not been made a ground for remonstrance. The remonstrance authorized by the act we have quoted from cannot be based on any ground. The effectiveness of the remonstrance under it is made to depend upon the question whether the majority of the voters authorized to remonstrate have joined in the remonstrance. If they have, the license is defeated; otherwise, not. The only other law authorizing a remonstrance in such cases is the liquor law of 1875. Section 7278, Burns' R. S. 1894 (5314, R. S. 1881). That section provides that "it shall be the privilege of any voter of said township to remonstrate, in writing, against the granting of such license to any applicant, on account of immorality or other unfitness."

The fact that the interior of the room could not be seen from the street in front of it has nothing whatever to do with the question of the applicant's morality or immorality, fitness or unfitness. It has been frequently held that remonstrances under this section must proceed according to its provisions, and not otherwise. *Fletcher* v. *Crist*, 139 Ind. 121, and cases there cited; *Head* v. *Doehleman*, 148 Ind. 145, and cases there cited. A remonstrance under it can only be based on the immorality or other unfitness of the applicant.

Certainly, it would be extremely unreasonable to suppose that the legislature intended that the situation and arrangement of the room, so far as a view of the interior thereof from the street is concerned, should be investigated before the board of commissioners on an application for a license, unless its determination thereof should be final and conclusive on that question if unappealed from. And yet how absurd it would

be to say that in case the licensee should be indicted for a violation of said section 4 as to the view into the interior of the room, that he could set up the decision and judgment of the board of commissioners thereon as conclusive in his favor. The fact that no way is provided by which that question can be tried before the board, and a way is provided for trying it on indictment, is strong evidence that the legislative intent was not to try that question until a licensee is indicted for violating said section four.

It follows that the finding was not contrary to law, and hence there was no error in overruling appellants' motion for a new trial. Judgment affirmed.