## BARNES ET AL. v. RHOADES.

[No. 21,233. Filed March 12, 1909. Rehearing denied April 30, 1909.]

INTOXICATING LIQUORS.—*Licenses.—Applications.—Remonstrances.—Grounds.—Appeal.*—Citizens can remonstrate against the granting of a liquor license only upon the statutory grounds (§8318 Burns 1908, §5314 R. S. 1881) ; and the sustaining of a demurrer to a remonstrance presenting other grounds presents no question on appeal.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Application by Park B. Rhoades for license to retail intoxicating liquors, against which Thomas C. Barnes and another remonstrate. From a judgment for applicant, remonstrants appeal. *Affirmed.*

*Charles F. Holler, Sumner W. Haynes* and *Albert B. Kirkpatrick,* for appellants.

*Henry A. Steis* and *Thomas M. Hoban,* for appellee.

JORDAN, C. J.—This proceeding was originally commenced by appellee before the Board of Commissioners of the County of St. Joseph, to obtain a license to retail intoxicating liquors in the city of South Bend. Appellants filed before the board what is denominated a remonstrance. By this document they alleged that the business of retailing intoxicating liquors was "inherently wrong, unlawful, dangerous to public and private morals," etc. For these reasons they assailed the validity of the license statute of 1875. (Acts 1875 [s. s.], p. 55) upon the ground that it violated both the state and federal Constitutions. Or, in other words, they sought to present the same constitutional question as was decided adversely to their contentions in *Sopher* v. *State* (1907), 169 Ind. 177, 14 L. R. A. (N. S.) 172. Appellee, before the board,

demurred to this remonstrance and also moved to reject it.
His demurrer and motion were each sustained, and upon a
hearing the board granted appellee a license to retail intoxi-
cating liquors. From this order of the board appellants ap-
pealed to the St. Joseph Circuit Court. In the latter court
appellee renewed his demurrer and motion to the remon-
strance. The grounds assigned in the demurrer and also in
the motion were: (1) That the remonstrants did not state
any cause of remonstrance under the laws of the State of In-
diana; (2) that the remonstrance was a frivolous and sham
proceeding. The demurrer and motion were each sustained
by the court, to which ruling appellants excepted. On Jan-
uary 12, 1908, the circuit court, having heard the evidence,
found that the applicant was a proper and fit person to be
entrusted with the sale of intoxicating liquors at retail, that
he was not in the habit of becoming intoxicated, and that a
license ought to be granted to him as prayed. Thereupon
the court ordered and adjudged that he be granted a license
to retail intoxicating liquors in the city of South Bend, In-
diana, at the place and for the time—one year—specified in
his application; that he recover his costs herein laid out and
expended. It was further ordered that the remonstrants
take nothing by their remonstrance. From the judgment
awarding appellee a license appellants prosecute this appeal.
Section 8318 Burns 1908, §5314 R. S. 1881, among other
things, provides: "It shall be the privilege of any voter of
said township to remonstrate, in writing, against the grant-
ing of such license to any applicant, on account of immor-
ality or other unfitness, as is specified in this act." It has
been held by this court that remonstrances can only be filed
for the causes specified by this statute. *Gates* v. *Haw*
(1898), 150 Ind. 370, and authorities cited.

Appellants having failed in their alleged remonstrance to
assign any of the causes mentioned by the section of the stat-
ute just quoted, they have no standing to complain of the
rulings of the court in sustaining the demurrer to their re-

monstrance and the motion to strike out, which motion embraced the same grounds contained in the demurrer. We find no reversible error.

Judgment affirmed.