## Farmers' Bank & Trust Co.'s Receiver v. Brown et al., and three other cases.

(Decided June 16, 1933.)

SAMUEL B. KIRBY, Jr., for appellants.

HERMAN G. HANDMAKER, WILLIAM W. EVANS and HENRY L. BROOKS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

In November, 1931, the Farmers' Bank & Trust Company was closed by its directors. On December 3, 1931, Allen Hieatt was appointed receiver of it by the Jefferson circuit court. Soon efforts were begun and agreements signed to arrange for the reorganization and reopening of it, and a reorganization committee of five composed of Tullie Brown et al. was appointed for that purpose. After much effort the direct reorganization of the old bank was abandoned, and this same committee is now endeavoring to organize a new bank from the wreckage of the old one.

The depositors of the old bank have divided into two groups; one group (represented by John K. Clemens) consists of those who were only depositors in the old bank, and the other group (represented by J. F. Stutzenberger) consists of those who were both depositors and stockholders of the old bank. Many controversies arose among the stockholders, the reorganization committee, composed of Tullie Brown et al., and the receiver, and the result was this action under section 639a-1 et seq. of the Civil Code of Practice, and in one form or another all of the parties mentioned became parties thereto. The matters were heard and disposed of by the chancellor from whose judgment all of them appealed. The judgment is attacked as erroneous in but one particular, other features of the judgment are discussed, but this court's sole appellate function is to correct errors and those parts, of which no complaint is made, we do not disturb.

The receiver has sufficient money to pay some dividend to the depositors. It is apparent that an assessment must be made against the stockholders on account of their liability imposed by section 595, Ky. Stats. The receiver contends it is his duty under section 547a, Ky. Stats., to collect or sue for this assessment when it is made, and hence it is his duty now to withhold from any depositor who is a stockholder, out of any dividend that would otherwise be going to such stockholder-depositor, enough money to pay any possible assessment that may be made against him under his double liability. The trial court so found, and the question on this appeal is: Was that erroneous? The answer is: "No."

These stockholder-depositors as depositors by virtue of their claims against this bank when proven and allowed will have a right to participate in the distribu-

tion of its assets coming to the hands of Hieatt by virture of his appointment, and these same stockholder-depositors as stockholders will be compelled, by virtue of sections 547a and 595 Ky. Stats., to pay to Hieatt such sums as may be assessed against them, not exceeding the par value of their capital stock, and this when received by Hieatt will not be an asset of the bank but a trust fund in his hands for the benefit of creditors. Hieatt receives and holds the assets of this bank as receiver, and he will, when these assessments are made and he collects them, hold that fund not as an asset of the bank but as a trust fund for the benefit of creditors, and whether Hieatt can withhold from stockholder-depositors dividends that he would have to pay to them if they were not stockholders depends upon whether he has the right to set off his demand based on the stockholder-depositor's statutory liability against that stockholder-depositor's claim for dividends out of the bank's assets.

In 24 C. J. p. 755, sec. 1867, the rule is thus stated: "In order to warrant a set-off or counterclaim in an action by an executor or administrator, the debts must be mutual, and the principle of mutuality requires not only that the debts should be due to and from the same person, but also to and from the same person in the same capacity."

This rule is thus stated in a syllabus written by the court in the oft-cited case of Lucas v. Wade, 31 So. 231:

"A set-off must be pleaded and exist in favor of defendant in the same right in which he is sued."

To same effect, see 57 C. J. pp. 452 and 453, and Wittich v. Wittich (Mo. App.) 263 S. W. 1001, and 24 R. C. L. p. 858, sec. 62, and C. J. vol. 14a, p. 1035, sec. 3306.

Suppose A is administrator of B and has about $5,000 going to S, an heir of B, and also that A is the executor of C and has among the assets of C's estate an unsecured note against S for $5,000, would not the average, reasonable man think it was A's duty to withhold from S enough of the money going to S from the estate of B to satisfy the note of S to the estate of C?

Surely there must be an exception to the general rule. We find exceptions have been made. In 24 C. J. p. 755, sec. 1867, we find this:

> "It has been considered, however, that the rule of mutuality is not always controlling, but may be departed from where it appears that permitting the set-off cannot embarrass the administration or prejudice the rights of other persons interested in the assets."

This exception is almost an exact quotation from the opinion in People v. California S. D. & T. Co., 168 Cal. 241, 141 P. 1181, L. R. A. 1915A, 299.

We find in 24 R. C. L. p. 865, sec. 70, the exception stated in this way:

> "Although as a general rule, equity, following the law, will not allow a set-off of debts accruing in different rights, it is well settled that a court of equity will take cognizance of cross claims between litigants, though wanting in mutuality, and set off one against the other whenever it becomes necessary to effect a clear equity."

In Hughes v. Marvin, 216 Ky. 190, 287 S. W. 561, the banking commissioner was suing Miss Hughes for a stockholder's liability of $750, and she asserted a set-off of $1,589.80 for claims due her from the bank, and in that case we denied her the right of set-off. If we had allowed it in that case, then she would have recovered in full, 100 per cent., her $1,589.80 when other claimants might get far less than 100 per cent. In this case we approve the allowance of the set-off because, if we denied the set-off, some stockholder-depositor, to whom Hieatt would pay the dividend that appears now to be due him, might spend it, and when the assessment is made under section 595, Hieatt might be unable to collect anything from such stockholder-depositor, and thus he would get an advantage over other depositors. See C. J. vol. 14a, p. 1035, sec. 3306, note 54.

The courts endeavor to do justice, and equity and rules are adopted in their efforts to do so; but when the reason that evoked the rule fails, the rule fails also, and courts make and follow such exceptions thereto as will enable them to prevent injustice. So under the facts as presented in this case we shall follow the exception and allow the set-off because by so doing we will prevent these stockholder-depositors getting an advantage over other depositors, whereas we did the opposite in the Hughes Case to prevent a possible ad-

vantage there in her favor over other depositors. To do justice is an ever persistent rule to which all others must yield.

The judgment is affirmed in all four appeals.