### GIBERSON v. STATE OF INDIANA

[No. 28,184. Filed October 31, 1946.]

*Miller & Dale,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

RICHMAN, J.—Appellant was convicted by a jury and given the statutory sentence for first degree burglary. The error assigned is overruling his motion for a new trial. Under it he attempts here to present three questions.

First he contends, in substance, that by promptly sustaining appellee's objections to questions asked by counsel for appellant in cross-examination without requiring reasons therefor to be given, by limiting some evidence offered to the question of credibility of the witness, and by other similar rulings the judge indicated his belief in appellant's guilt thus invading the province of the jury. It is not contended that the rulings were erroneous and obviously they were not. A judge is not obliged to require reasons

for an objection if they are apparent. He is supposed to know some law. If, as in oral argument it was contended, the tone or inflection of the judge's voice, which of course is not shown by the record, indicated some impatience, we suspect that it was directed against counsel for persistence in cross-examination as to matters already covered.

Second appellant complains of the giving of an instruction as to the testimony of an accomplice. The same instruction was held not to be erroneous in *Pleak* v. *State* (1929), 201 Ind. 274, 277, 167 N. E. 524. Even if it were erroneous appellant could not complain because of his failure to comply with Rule 1-7, 1943 Revision.

The third contention is that the court erred in suspending the sentence of the "accomplice" who was the principal witness for the State. There is nothing in the record to show that his sentence was suspended. Copying in appellant's argument what purports to be an entry in some other case does not bring it into the record in this case. In any event, the State would be the only party aggrieved by the suspension of sentence.

Judgment Affirmed.

NOTE.—Reported in 69 N. E. (2d) 177.