### McCAGUE v. NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY

[No. 28,266. Filed February 2, 1947. Rehearing denied May 2, 1947.]

*James J. Moran,* of Portland, and *Bonham & Emshwiller,* of Hartford City, for appellant.

*Harker & Irwin,* of Frankfort, and *Victor H. Simmons,* of Hartford City, for appellees.

O'MALLEY, J.—The appellant, having received personal injuries and suffered property damage to his automobile as the result of a crossing accident, commenced this action in the Jay Circuit Court. There was a change of venue from the county and the matter was tried before a jury in the Blackford Circuit Court. The verdict of the jury was in favor of the defendant and no question is raised as to the sufficiency of the evidence to sustain the verdict of the jury on the question of contributory negligence, nor is it claimed that the evidence is such as to compel a conclusion different from that reached by the jury on the question of the negligence of the defendant. The only question, here raised, relates to the instructions given at the request of the appellee.

Under Rule 1-7 of this court, it is plainly stated that "no error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required." Since the adoption of this rule this court has stated its import. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. (2d) 106.

The rule may seem harsh, but when consideration is given to the method of settling the instructions, the apparent harshness vanishes. The rule places a burden on the objector to point out to the court the specific reason for the refusal or modification requested, and since each attorney has the same opportunity to examine the instructions, as that held by the trial judge, the court has the right to assume that all flaws in context or form of language, which have not been pointed out, are waived.

The first proposition set forth in appellant's brief complains of repetitious instructions. No objection of

that kind was made before the instructions were given as provided by our rules, therefore, no question on that claim can be here asserted. *Allman* v. *Malsbury, supra.*

The points under the next proposition stress the use of the words "substantial evidence" in instruction numbered 11, tendered by the defendant below, appellee herein. The objection to this instruction was as follows:

> "The Plaintiff objects to the Court giving Instruction #11 tendered by the defendant for the reason that this instruction refers to substantial evidence. In other words the plaintiff in order to make out a cause of action he would have to support the allegations of the complaint by substantial evidence. The plaintiff was only duty bound to establish the material allegations of his complaint by a fair preponderance of the evidence."

The instruction contained the following sentence to which the objection was addressed:

> "Substantial evidence of the facts which constitute the cause of action is necessary to the maintenance of a verdict."

While the customary form of instruction used in most cases contains the statement that the party having the burden must sustain that burden by a fair preponderance of all the evidence given in the cause, it is also the rule that there must be substantial evidence, as contrasted with a mere scintilla, to support a decision or verdict in favor of the one with the burden. *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669.

Evidence has been held by this court to be the means by which an event or occurrence is shown. *Woodfill* v. *Patton* (1881), 76 Ind. 575, 579. See *The Evansville, &c., Railr'd Co.* v. *Cochran* (1858), 10 Ind. 560, 561; *Gates* v. *Haw* (1898), 150 Ind. 370, 372,

50 N. E. 299. The word "substantial" has been defined "as meaning more than 'seeming or imaginary.'" *Sylvester* v. *State, supra,* 205 Ind. at page 632, 187 N. E. at page 670.

In other jurisdictions, it has been said that " ' . . . . substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Marzacco* v. *Lowe* (1945), 58 F. Supp. 900, 902 (D. C. N. J.), or that "substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Minnesota Mining & Mfg. Co.* v. *Coe* (1940), 118 F. (2d) 593, 594, 73 App. D. C. 146, 147. In considering this word, we must examine it in its relation to the context. It is seldom that a word can be taken out of position and a definition applied without endangering the meaning of the sentence in which it has been used. Here we have applied the most common meaning to the word "substantial". True it has been used, on occasion, to mean something of a different nature; but the same thing could be said of the word "preponderance", and if taken from its proper context in an instruction the meaning of this word certainly is as varied as that of the word "substantial". We therefore are content to apply to the word "substantial", the meaning that has been given to it by this court and other courts of like jurisdiction or standing.

If in the instruction numbered 11, the court had substituted the definition of "substantial evidence", no complaint would be made on the grounds here claimed, because it would be plain that the rule on preponderance would not be affected. If the appellant desired that more information on this subject be given to the jury, he should have tendered an

instruction containing the desired explanation. This instruction was not couched in words that we can approve, but the objection did not point out any defect that was not more "seeming" than real.

Instruction numbered 10 informed the jury that the defendant below was bound under the law to cause the whistle to be blown three times when the train was not more than 100 rods and not less than 80 rods from the crossing, and to ring the bell continuously from the time of sounding the whistle until the engine had passed the crossing, and that the defendant was not required to give any other or different signals. The objection was that this instruction indicated that the full measure of the duty of the railroad was to give the statutory signals, but that in addition to that the company was obligated to use that degree of care that a reasonably prudent person would have used to avoid injury to the plaintiff. The instruction covered the giving of signals exclusively and did not attempt to define the quantum of care required from the servants of the railroad.

Instruction numbered 2 tendered by the plaintiff below was based upon the statute to which reference was made in instruction numbered 10. In plaintiff's instruction numbered 2 it was stated that if the jury found from a fair preponderance of the evidence that the railroad company employees failed to give the required signals; that there was freedom from contributory negligence on the part of the plaintiff; and that the failure to give such signals as outlined in the statute was the proximate cause of the injury to the plaintiff, then the plaintiff would be entitled to recover. In this instruction, there was no mention of the quantum of care necessary in the operation of the train. This instruction would certainly

obviate any error in instruction numbered 10. If there was error in the giving of instruction numbered 10, it was invited error. There was no reason why an instruction of this kind should not have been given under the issues and evidence in this case. It did not cover the duty to exercise proper care in the operation of the train. It did state the requirements of the statute on the one subject of signals, which was but a part of the duty imposed upon the train operator to use due care under all the circumstances of the particular case. All other elements of that duty were amply covered by other instructions.

Instruction numbered 32 was an admonition as to the conduct of the jury in performing its duties. The objection was that it was argumentative. We do not so consider it. We realize that an instruction of this kind is commonly called a "stock instruction", and that it should be limited to a consideration of the evidence in the light of the law as given by the court. We do not intend to approve the instruction as given, but when it is examined in the light of the objection made in the court below, no error has been shown.

The appellant did not object to the last instruction given on motion of the court. It is claimed here that this instruction should have included a "form of verdict" applicable to the second paragraph of complaint as well as the one tendered for use in regard to the first paragraph of complaint. The form offered was for the convenience of the jury. If it did not include a form applicable to the second paragraph of the complaint, it was the duty of the plaintiff to offer such form if it was desired that one be submitted for the permissive use of the jury.

Furthermore, it would be well to remember that the

part of Rule 2-17 which requires that all instructions must be set forth in the brief, when error is ■ predicated on the giving or refusal to give any instruction, was a part of our rules prior to the time of the adoption of Rule 1-7, and it certainly was not placed in the Rules as a limitation of the application of Rule 1-7. An instruction to which no objection is made, regardless of its contents, can in no way accentuate a claimed error in the giving of an instruction to which objection has been made. To hold otherwise would be to remove from Rule 1-7 all of its force and vitality.

After careful examination of the claimed error we have concluded that no reversible error has been shown and the judgment of the lower court is affirmed.

Gilkison, C. J. and Emmert, J., dissenting.

## DISSENTING OPINION ON MERITS.

GILKISON, C. J.—The pertinent part of Rule 1-7 to the instruction complained of, reads as follows:

> "The court shall indicate on all instructions, in advance of the argument, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury and before argument, or specific written objections to each instruction may be submitted to the court before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."

A pertinent part of Rule 2-17 provides:

"The brief of appellant shall contain short and clear statements disclosing:

" . . .

"(e) . . . When error is predicated on the giving or refusal of instructions the statement must recite all of the instructions that were given."

Appellant has fully complied with this rule.

There is nothing in the rules indicating when either 1-7 or 2-17 was adopted. I do not think the time of adoption is in the least material. Both are in effect now, and both relate to the same thing and have a common purpose—regulating the giving of instructions and their consideration on appeal. They are in *pari materia* so to speak, and if they are to be reasonably enforced, they must be considered together. When so considered, they require that specific objections to an instruction must be made, and that when such objections have been made, this court will examine all the instructions given, to ascertain whether the instruction or instructions so objected to are erroneous and we can not be blind to what we see in such examination. Appellant has made a specific objection to Instruction 11 tendered by defendant. This objection applies to the whole instruction and not to the single sentence contained in the opinion. The questioned instruction is as follows:

"Instruction No. 11.

"You are instructed that you are not entitled to conjecture that any negligence, if any is found, is the direct or producing cause of plaintiff's injuries. You may not legally guess a verdict in favor of one of the parties. Substantial evidence of the facts which constitute the cause of action is necessary to the maintenance of a verdict. So in this case, the burden is upon the plaintiff to introduce substantial evidence of negligence charged in the complaint and likewise to introduce substantial evidence of facts going to show that the negligence

charged and relied upon was a direct and proximate cause of the plaintiff's injuries. A failure in this regard on the plaintiff's part is fatal to a recovery in his behalf, and in such case, your finding should be in favor of the defendant."

The objection is as follows:

"The plaintiff objects to the court giving instruction No. 11 tendered by the defendant for the reason that this instruction refers to substantial evidence. In other words the plaintiff in order to make out a cause of action would have to support the allegations of the complaint by substantial evidence. The plaintiff was only duty bound to establish the material allegations of his complaint by a fair preponderance of the evidence."

I agree with the statement in the opinion: "This instruction was not couched in words that we can approve," but I can not agree that "the objection did not point out any defect that was not more 'seeming' than real." It pointed out the exact error which makes the instruction "not couched in words that we can approve." Section 4 Art. 7 of our state constitution gives this court jurisdiction of appeals and writs of error. The purpose of giving jurisdiction in such cases is that our court may examine the record of the trial court to determine whether or not reversible error has been committed therein, and thereby to promote the administration of justice. In the accomplishment of this end we have inherent power as well as statutory authority (§ 2-4718, Burns' 1946 Replacement) to make rules to govern and control procedure. Any rule we make must be subordinate to the law, particularly the organic law, and must not enlarge or restrict jurisdiction. A litigant cannot by a rule of court be deprived of a substantial right or so embarrassed in its exercise that he may be deprived, without his fault, of its benefits. 14 Am. Jur. § 152 *Courts* pp. 357, 358. A principal reason for making

such rules is "to facilitate the administration of justice." 14 Am. Jur. § 153 *Courts* p. 359. Such rules should "be made to yield to circumstances to promote the ends of justice," since in any event they "are merely the means to accomplish the ends of justice." It has been held that "the court may disregard the fact that a litigant has failed to comply with such rules" if to do so is in aid of the administration of justice. 14 Am. Jur. § 157 *Courts* p. 361. In *The United States, Pltff. in Er.* v. *Breitling* (1858), 20 How. (U. S.) 252, 254, 15 L. Ed. 900 at page 901, The United States Supreme Court, speaking by Taney, C. J. concerning the application of rules of the court said:

> "And it is always in the power of the court to suspend its own rules, or to except a particular case from its operation, *whenever the purposes of justice require it.*" (Our Emphasis.)

In *Farmer's Bank & Trust Co. Receiver* v. *Brown* (1933), 249 Ky. 820, 61 S. W. (2d) 628, 91 A. L. R. 325, 326, speaking on the same subject, the Supreme Court of Kentucky said:

> "The courts endeavor to do justice, and equity and rules are adopted in their efforts to do so; but when the reason that evoked the rule fails, the rule fails also, and courts may make and follow such exceptions thereto *as will enable them to prevent injustice. . . . To do justice is an ever persistent rule to which all others must yield.*" (My Emphasis.)

In *Keeshin Motor Express Co.* v. *Glassman* (1941), 219 Ind. 538 at 557, 38 N. E. (2d) 847, in holding an instruction erroneous that was not specifically questioned by either party, this court said:

> "Anticipating the complaint, which in other cases has come on petition for rehearing, that our opinion and judgment with respect to this error is upon a

ground not presented by appellants, we give the
same kind of answer as appears in *Big Creek Stone
Co.* v. *Seward* (1895), 144 Ind. 205, 209, 42 N. E.
464, 43 N. E. 5 and *Cleveland, etc., R. Co.* v. *Moore*
(1908), 170 Ind. 328, 363, 82 N. E. 52, 84 N. E.
540."

In *Big Creek Stone Co.* v. *Seward, supra,* on the peti-
tion for rehearing, this court said:

"Complaint is made by counsel that the suffi-
ciency of the pleading was determined upon a
question not argued by counsel for appellant, and
which question was, therefore, waived.

". . . It may be inquired, therefore, should the
court be controlled by a rule which would estop
counsel and parties to the extent that it should
hold sufficient a state of facts which plainly dis-
closed that no cause of action existed? Most cer-
tainly not. While we are not obliged to search for
errors not made manifest by the record as the
appellant brings it to us, we are not so restricted
by that rule that we are required to hold a pleading
sufficient when it is clearly insufficient, and when
to do so would create a precedent well calculated
to mislead the profession and lend confusion to
well settled principles of pleading and practice.
. . . If the court were limited to the arguments and
reasoning of counsel in its decisions of cases, . . .
many cases would lead us far from what we under-
stand to be the true object of the court."

In *Cleveland Etc. R. Co.* v. *Moore, supra,* on petition
for rehearing, this court said:

"In his brief on petition for rehearing counsel
for appellee . . . , suggests that it seems that
the opinion and judgment of this court proceeds
largely, if not entirely, on grounds not presented.
. . . We were compelled to study the bill of
exceptions, and, having done so, we were not at
liberty to disregard what our eyes perceived as
to the facts in their true relation to each other.
Where resort to the record is necessary, the case
will be determined by the record, and in such case

the court will not regard itself as governed by the conceptions of counsel on either side as to the nature of the controlling facts."

The court then adopts as its own the last sentence quoted above in *Big Creek Stone Co.* v. *Seward, supra.*

In the *Glassman case, supra,* at page 557, 558 this court further said:

"The errors assigned by appellants brought in question fourteen of the instructions and six in particular. We had to examine them critically to discover whether or not they were repetitious. In that examination *we discovered that the sixteenth was not only repetitious but also incurably erroneous. We may not blind ourselves to this fact or its consequences.*" (Our Emphasis.)

The court then quoted with approval the last sentence quoted above from *Cleveland Etc. R. Co.* v. *Moore, supra* and also the last sentence quoted above in *Big Creek Stone Co.* v. *Seward, supra.* The two involved rules were in full force and effect when the Glassman case was decided.

From a consideration of these authorities I think it safe to say, no court of appeals may rightly construe its own rules in such a manner as to permit it to refuse to consider an error directly presented to it for determination and correction; nor may it, by construction, so pervert its rules as to allow visible error to remain uncorrected. The rules cannot be a hinderance to the administration of justice. It is no answer to a litigant to say, we can not see the error for our rules. Our rules were not intended to, and do not permit such interpretation. To allow such interpretation, in my opinion, amounts to a refusal to perform our constitutional duty. In the case at bar we do not have to go beyond the briefs to find the errors discussed, and on

the authority of the Glassman case, I shall not "blind" myself to the errors so clearly demonstrated there. Instruction 11 was carefully and specifically made to apply only to appellant's evidence. A different rule, and I think the correct one, was given the jury for the consideration of appellee's evidence, in the court's Instruction 4, as follows:

"... contributory negligence on the part of plaintiff is a matter of defense and may be proven under the answer of general denial .... The burden of proving such contributory negligence rests upon the defendant, which contributory negligence must be proven by a fair preponderance of the evidence. Contributory negligence may be established by evidence introduced by the plaintiff as well as the evidence introduced by defendant, . . . ."

Thus for the appellee we have the correct rule given, that it may discharge its burden of proving contributory negligence, by appellant's evidence as well as its own, and it is required to make this proof only by a fair preponderance. But for the appellant we have a different rule, a higher degree of proof required. As stated in appellee's mandatory Instruction 11, appellant is required to introduce the evidence himself to prove the charges in the complaint. He must, himself, further introduce evidence showing that the negligence charged was a direct and proximate cause of his injuries. He may not have the benefit of inferences arising from the evidence, or of evidence introduced by appellee. These facts he must establish—not by a fair preponderance of evidence—but by substantial evidence. The jury was then told "A failure in this regard on the plaintiff's part is fatal to a recovery in his behalf, and in such case, your finding should be in favor of the defendant." This is error. Appellant was entitled to have the jury consider all the evidence in the case in determining whether

his case was made out. *City of Indianapolis* v. *Cauley* (1904), 164 Ind. 304, 311, 312, 73 N. E. 691, and cases cited.

The opinion labors to show that "a fair preponderance of the evidence" and "substantial evidence" mean the same. The words "substantial evidence" have been used as persuasive dicta and by way of argument by our court in deciding a criminal case. *Sylvester* v. *State* (1933), 205 Ind. 628 at page 632, 187 N. E. 669, where proof of guilt must be beyond a reasonable doubt, but never before, so far as I can find, have they been used in an instruction to a jury in either a criminal or civil case. In that case at page 632, the court was careful to say: "We use the word 'substantial' as meaning more than seeming or imaginary." In the instruction complained of the word "substantial" was not so limited. Never before, so far as I can find, have these words been used as a synonym or substitute for "a fair preponderance of evidence." The words "substantial evidence" may mean a much higher degree of proof than "a fair preponderance." It could mean a higher degree than "beyond a reasonable doubt."

The rule applicable to appellant's evidence is clearly and correctly stated in 32 C. J. S. § 1020 *Evidence* p. 1047, as follows:

> "In ordinary civil actions a fact is sufficiently proved by a preponderance of evidence, and the verdict or finding should be based on such preponderance, the requirement of a higher degree of proof being improper. A bare preponderance, however slight, is commonly regarded as sufficient."

20 Am. Jur. § 1250 *Evidence* p. 1101, 1102, states the rule of fair preponderance, thus:

> "However, the general rule would seem to be that a party is not required to establish a fact to the

satisfaction of a jury or to present evidence sufficient to 'convince their minds' of any fact necessary to be shown .... Accordingly, it has been said that in civil cases a fact may be found in accord with the preponderance of the evidence, and yet the mind may be left in doubt as to the very truth.. The triers of an issue in such cases should, when doubts arise, find for the side whereon the doubts have less weight . . . ."

In .The Indianapolis, Peru and Chicago R. R. Co. v. Collingwood (1880), 71 Ind. 476, 477, Judge Byron K. Elliott, speaking for the court, said:

". . . It is only necessary in civil cases, that the circumstantial evidence should 'agree with and support. the hypothesis which it is adduced to prove,' and, to quote again from Prof. Greenleaf, 'it is not necessary that the minds of the jurors be freed from all doubt; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth."

This decision by Judge Elliott has been cited with approval by more than twenty Indiana cases, also by Lillstrom v. Northern P. R. Co. (1893), 53 Minn. 464, 55 N. W. 624, 20 L. R. A. 587.

In Davis v. Guarnieri (1887), 45 Ohio St. 470, 15 N. E. 350, 4 Am. St. Rep. 548, 560, we find this statement:

"The jury was dealing with the probabilities in the case. It is not necessary to the determination of the issues in a civil case . . . that the triers should believe the existence of any material fact, but that the probabilities, when weighed by them, preponderate in favor of the fact which they find to be established by the proof."

See also Great Atlantic and Pacific Tea Co. v. Custin (1937), 214 Ind. 54, 60, 61, 62, 13 N. E. (2d) 542, 14 N. E. (2d) 538.

In *The Terre Haute and Indianapolis R. R. Co.* v. *Buck, Admr.* (1884), 96 Ind. 346, again speaking for the court, Judge Elliott at pages 362, 363, said:

> "It is not necessary in any civil case to prove the substance of the issue by direct or positive evidence. It is sufficient if there are facts fairly warranting the jury in inferring the conclusion insisted upon by the plaintiff."

As bearing on the subject, see also; *Hedrick* v. *D. M. Osborne & Co.* (1884), 99 Ind. 143, 147; *Evansville and Terre Haute Ry. Co.* v. *McKee* (1884), 99 Ind. 519, 525; *Riehl* v. *The Evansville Foundary Assn.* (1885), 104 Ind. 70, 74, 3 N. E. 633; *The Louisville, New Albany & Chicago Ry. Co.* v. *Thompson, Admr.* (1886), 107 Ind. 442, 456, 8 N. E. 18, 9 N. E. 357; *Chicago, etc. R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 391, 392, 110 N. E. 215; *Pittsburg, etc. R. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 449, 450, 107 N. E. 315.

By dicta, and by way of argument, but never when used in an instruction, "substantial evidence" and the word "substantial" have been defined as set forth in the opinion, but they have also been given many other definitions. Among which I note "essential", "real" "solid", "true", "complete", "valuable", "important", "genuine", "certain", "absolute", "sole", "a considerable amount", "fundamental". The above definitions are taken from "Words and Phrases". A jury, being composed of laymen would probably know only of the dictionary definitions. From the New Standard Dictionary I gather among others, the following definitions: "solid", "strong", "of real worth and importance", "valuable", "considerable and sure", "essential", "material", "fundamental", "that which is of essential value or worth". From Webster's New International, I find the following definitions: "existing as a substance", "important", "es-

sential", "having good substance", "considerable in amount", "large", "plentiful", "abundant", "solidly based".

In this case the jury was left with the duty of using its own knowledge of the meaning of "substantial" or "substantial evidence". Under the instruction complained of, the jury was justified in believing the plaintiff must prove the material averments of his complaint and their application to his injuries by evidence that is solid and strong, of real worth and importance, considerable and sure, of essential worth and value, considerable in amount, plentiful, absolute, and abundant. Such proof has never before been required in a civil case in Indiana, nor elsewhere, so far as I can find. I do not think it can be a true statement of the law.

As said in *Garfield* v. *State* (1881), 74 Ind. 60, at pages 63, 64:

> "It is not every statement of the law found in a text book or opinion of a judge, however well and accurately put, which can properly be embodied in an instruction. The processes of reasoning by which a conclusion is reached, if well made, are appropriate to be found in either text or opinion, but rarely, if ever, is it proper to deliver such reasoning to a jury in the form of instructions, . . . the teachings of experience on questions of fact are not, however, doctrines of law, which may be announced as such from the bench, nor yet are they matters of proof to be shown as other facts in the case. They may well enter into the arguments of attorneys, . . . , but the jury, not the judge, is the arbiter of such contentions, as of all the questions of fact. . . ."

See also *Finch* v. *Bergins* (1883), 89 Ind. 360, 362, 363.

However, the court not only gave the jury appellee's mandatory Instruction 11, but it also gave appellee's

tendered Instruction 4, which ends with this sentence: "The rights of the parties should be determined upon the evidence introduced in the case, and upon the instructions given to the jury, which is the law and the only law to guide you in your deliberations, . . ." While this may be a correct instruction, it undoubtedly compelled the jury to accept erroneous mandatory Instruction 11 as the scales by which appellant's evidence must be weighed.

In the last paragraph of appellee's tendered mandatory Instruction 16, given by the court, the jury was told:

> "And if you find from the evidence in this case that the plaintiff was guilty of any contributory negligence whatever, then your verdict should be for the defendant."

In my opinion this is an erroneous statement of the law. The contributory negligence which will prevent a recovery by plaintiff must be such as proximately contributed to the injury complained of. *Indiana Service Corp.* v. *Schafer* (1936), 101 Ind. App. 294, 299, 199 N. E. 158, and cases there cited. *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 550, 551, 88 N. E. 849. This instruction carries forward and accentuates the error contained in Instruction 11, and since it too is erroneous, it can not be cured by other instructions given.

In appellee's tendered mandatory Instruction 17 given by the court, among other things the jury was told:

> "The slightest negligence upon the part of the plaintiff which proximately contributed to the injury complained of, is sufficient to defeat the plaintiff's right to recover in this cause.
>
> "The court instructs you, therefore, that if you find from a fair preponderance of the evidence that the plaintiff was guilty of negligence in any degree

which negligence proximately contributed to the injury complained of, then your verdict should be for the defendant."

By this instruction the "substantial evidence" rule set forth in appellee's Instruction 11 as the rule by which appellant's evidence must be weighed, is made wholly inapplicable to the evidence of appellee on the highly controversial subject of contributory negligence —where appellee carried the burden of proof—and this burden is permitted to be discharged by making proof by a "fair preponderance of the evidence." In this connection the query is suggested: Is it the law in Indiana that in any civil case a plaintiff may be required to prove each of the material averments of his complaint by what the jury may determine to be "substantial evidence", and that a defendant is required to prove his affirmative defenses by only a fair preponderance of the evidence? Is it not the law in such a case that each of the parties is required to sustain the issues, where they carry the burden, by a fair preponderance of the evidence, only? *Heiny, Admrx.* v. *Pennsylvania R. Co.* (1942), 221 Ind. 367, 373, 47 N. E. (2d) 145, where in a grade crossing case this court said:

"We hold, therefore, that the decedent's conduct, like that of appellee's, is to be measured by the standard of ordinary care."

Appellee's tendered Instruction 30, given by the court, among other things contained a paragraph as follows:

"In this case, plaintiff has testified that he looked for an approaching train. I instruct you that plaintiff's evidence should be given the weight to which it is entitled, *but that it is not conclusive on that question,* and should be considered in connection with all the evidence bearing thereon." (My italics.)

It is error for the trial court to tell the jury what any witness testified to.

It is likewise an invasion of the province of the jury for the trial court to tell the jury what weight should be given to the evidence of any witness. Whether the evidence of the plaintiff is conclusive on the subject of whether he looked for an approaching train, is solely for the jury to determine. It was an invasion of the province of the jury for the trial court to instruct it that such evidence is not conclusive. *The Union Mutual Life Insurance Co.* v. *Buchanan* (1884), 100 Ind. 63, where Judge Elliott speaking for the court at page 73, said:

> "It is not for the court, in ruling upon evidence, or in framing instructions, to determine the probative force of evidence."

See also: *Muncie Pulp Co.* v. *Keesling* (1906), 166 Ind. 479, 488, 489, 76 N. E. 1002; *Indianapolis St. R. Co.* v. *Taylor* (1904), 164 Ind. 155, 160, 161, 72 N. E. 1045; *Fassnacht* v. *The Emsing Gagen Company* (1897), 18 Ind. App. 80, 85, 46 N. E. 45, 47 N. E. 480; *Warner Gear Co.* v. *DePeugh* (1919), 70 Ind. App. 264, 265, 123 N. E. 363.

This error is likewise an enlargement of the error contained in Instruction 11. *Unruh* v. *State ex rel Baum* (1885), 105 Ind. 117, 120, 121, 122, 123, 4 N. E. 453. Its erroneous effect could not be avoided by any additional instruction that could have been given.

In a case like this, negligence, whether on the part of the defendant or the plaintiff is a mixed question of law and fact. The facts when disputed are for the jury alone to determine under *appropriate* instructions by the court as to the law. *Gagg* v. *Vetter* (1872), 41 Ind. 228, 254; *Pennsylvania R. R. Co.* v. *Hemmer*,

*Admrx.* (1933), 206 Ind. 311, 316, 338 et seq., 186 N. E. 285, 189 N. E. 137; *Bartley* v. *Chicago & E..I. R. Co.* (1939), 216 Ind. 512, 524, 525, 24 N. E. (2d) 405; *Central Indiana R. Co.* v. *Wishard* (1916), 186 Ind. 262, 269, 114 N. E. 970; *Heiny Admrx.* v. *Pennsylvania R. Co., supra, New York Central R. Co.* v. *Powell* (1943), 221 Ind. 321, 331, 47 N. E. 615; *The Wabash, St. I. & Pac. Ry. Co.* v. *Locke. Admr.*, 112 Ind. 404, 421, 422, 14 N. E. 391.

Appellee's Instruction 31, given by the court, closed with this statement:

". . . but no juror should agree upon a verdict unless he is convinced it is correct, and unless it is a verdict which his conscience approves, and which such juror under his oath after full consideration believes to be right."

This is an erroneous statement of the law and an augmentation of erroneous Instruction 11. The mind of a juror may be reasonably satisfied of a given fact or a given state of facts, and yet not be certain of it, or free from doubt in respect of it. 20 Am. Jur. § 1250 *Evidence* p. 1101 N. 5; *Alabama Etc. R. Co.* v. *Hill* (1890), 93 Ala. 514, 30 Am. St. 65, 77; *Davis* v. *Guarnieri, supra; The Indianapolis, Peru and Chicago R. Co.* v. *Collingwood, supra;* 32 C. J. S. § 1021 *Evidence* p. 1051.

Since appellee's Instruction 11 is clearly erroneous and clearly relates to a material issue in the case, viz: Whether appellee was guilty of the negligence charged, it will be presumed that it was harmful, and such presumption must prevail, unless it affirmatively appears from the record, that it was not prejudicial to appellant. *Indiana, Etc., Light Co.* v. *Armstrong* (1923), 79 Ind. App. 486, 489, 138 N. E. 830, and cases there cited. *Cleveland, Etc., R. Co.* v. *Case* (1910), 174 Ind. 369,

376, 378, 379, 91 N. E. 238, and cases there cited. And the burden is upon appellee, the party seeking to avoid such presumption, to show by the record, that the error was not prejudicial. *Indiana, Etc., Light Co.* v. *Armstrong, supra.* When such an instruction is given it can not be cured by others which state the rule correctly, because, every time the court tells the jury in other instructions what the plaintiff is required to prove, the jurors, if obedient to their oath, are bound to observe that this means proof by "substantial evidence" which, they would be justified in believing, means far more than a fair preponderance of evidence. *Martin* v. *Lilly* (1918), 188 Ind. 139, 144, 121 N. E. 443. Where an erroneous instruction is given relating to a material issue in the case, it can not be aided or avoided by another instruction correctly stating the law. The harmful effect of the erroneous instruction can be avoided only by its withdrawal. *Indiana, Etc., Light Co.* v. *Armstrong, supra,* at pages 489, 490; *Martin* v. *Lilly, supra,* page 144; *Pawlisch* v. *Atkins* (1932), 96 Ind. App. 132, 139, 182 N. E. 636; *Louisville, Etc., Traction Co.* v. *Korbe* (1910), 175 Ind. 450, 453, 456, 457, 93 N. E. 5, 94 N. E. 768.

For the reasons given the judgment should be reversed.

EMMERT, J.—Concurring.

NOTE.—Reported in 71 N. E. (2d) 569.

## OPINION ON PETITION FOR REHEARING

O'MALLEY, J.—The petition for rehearing places great reliance upon the dissenting opinion in this cause and insists that this court should not permit the force of its rules to work an injustice to the cause of appellant. Our rules have the force of law and it never has been considered unjust to impartially

apply the law to the cause of each litigant. The District Courts of the United States operate under rules promulgated by the Supreme Court of the United States. The rule applicable to instructions is numbered 51, and that rule is applied in a manner to be compared with the application of our Rule 1-7. Rule 8 of the Supreme Court of the United States contains this statement:

". . . The party excepting shall be required before the jury retires to state distinctly the several matters of law in such charge to which he excepts; and no other exceptions to the charge shall be allowed by the court or inserted in a bill of exceptions."

The Supreme Court of the United States has applied the applicable rule in a manner that forces each litigant to comply with its effect or to waive the claimed error. We are attempting to so treat our rules that they are enforced in all cases. We do not subscribe to the doctrine that one litigant can save a question without compliance while another is forced to abide by his failure to properly object.

In the brief in support of the petition for rehearing, we are requested to adopt the dissenting opinion. A great portion of that opinion is based on the case of *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. (2d) 847. That case was tried in the lower court in the month of December, 1938. The motion for a new trial was overruled in January, 1939. Rule 1-7 of this court was first adopted in 1940 to become effective September 2, 1940. The rule was to operate prospectively and not retrospectively. From the above facts it should be obvious that the Keeshin case, *supra*, is of no value as an authority on the question here involved.

The case of *Giberson* v. *State* (1946), 224 Ind. ██ 504, 505, 506, 69 N. E. (2d) 177, 178, is cited by the appellant because it contains this statement:

". . . . . A judge is not obliged to require reasons for an objection if they are apparent. He is supposed to know some law."

However, that statement was used in commenting on the sustaining of an objection to offered evidence. It has no application to a matter such as the present one. When an objection is sustained, the party against whom it is so sustained cannot complain, unless it should not have been sustained for any reason that could have been given. That rule has been applied to demurrers and to the exclusion of evidence without any exception for a long period of time.

The appellant asserts that the use of the word "substantial" in the eleventh instruction, changed the rule on preponderance, and increased the burden placed on the plaintiff to sustain the allegations of the complaint. In our opinion we declared that the rule on preponderance was not affected by the use of the word "substantial" in that instruction, but since our explanation seems to be misunderstood, it may be well to state that the phrase used in the instruction at the trial was something that referred to the duty of the judge in examining the evidence before submitting the cause to the jury. Unless there was some substantial evidence the matter should not have been given to the jury for deliberation and verdict. The instruction stated that "Substantial evidence of the facts which constitute the cause of action is necessary to the maintenance of a verdict." This was a reference to one part of the duty which rightfully belonged to the judge and a proper objection would have been that the instruction referred to a duty

that should be performed by the judge of the court and was no concern of the jury.

In *Garrison* v. *United States* (C. C. A. 4th 1932), 62 F. (2d) 41, 42, the Circuit Court of Appeals for the Fourth Circuit, in explaining the duty of a judge with reference to directing a verdict or setting one aside, used the following language:

"... . Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice."

The above language clearly indicates that the word "substantial", as used in the instant case, did not increase the burden imposed on the appellant of proving the material allegations of his complaint by a preponderance of the evidence.

In the majority opinion each question that was raised by the appellant in his brief has been answered. This is a compliance with the basic law of our State. If we were to examine the record and briefs and discuss and determine questions which were not raised, we would thereby violate the terms of Rule 2-17, and especially section (h) thereof, which is as follows:

"Appellant's original brief shall be indexed. Errors assigned and not treated as herein directed shall be deemed to be waived."

Rule 2-17 is one of the long standing rules of this court. Under its various provisions, questions not included in "errors relied on" or questions "not covered in that part of the brief containing propositions, points and authorities," must be deemed to have been waived.

In the dissenting opinion, which we have been requested to adopt, questions not raised have been discussed and determined to the satisfaction of those dissenting. Among matters discussed and determined we find the doctrine that where an objection to one instruction is made, this court must examine all instructions to determine whether or not each or any of them may contain statements of law that might be objectionable. In doing that we would completely ignore all rules heretofore made. Of course we cannot subscribe to that doctrine.

We have carefully examined the petition and brief on rehearing. It seems to us that the attorneys for the appellant are stressing justice for their cause when they really mean that favoritism should be shown to their client and his cause of action.

The petition for rehearing is denied.

Gilkison, C. J. and Emmert, J., dissenting.

NOTE.—Reported in 73 N. E. (2d) 48.

## DISSENTING OPINION ON PETITION FOR REHEARING

GILKISON, C. J.—Notwithstanding the extensive argument in the opinion on rehearing respecting the "force" of Rule 1-7 and its likeness to Federal Rule 51, I do not believe it is within the power of this court to construe its rules so that it may refuse to perform its constitutional duties on appeals as contained in Art. 7, § 4 Indiana Constitution. The rules should never be permitted to interfere with and prevent the doing of

justice when appeals are taken. Rules on appeal are made to aid justice, not to prevent it. To do justice is an ever present and persistent rule to which all others—including Rule 1-7 must yield. Many authorities were cited supporting this proposition in the dissenting opinion herein. It would seem quite superfluous to cite additional authorities to the effect that it is a power and a duty of this court to suspend its own rules, or to except a particular case from its operation whenever the purposes of justice require it. However, we suggest a careful reading of the following additional cases supporting this proposition. *L. S. Ayres & Company* v. *Hicks* (1942), 220 Ind. 86, 98, 40 N. E. (2d) 334, 41 N. E. (2d) 195; *White* v. *White* (1935), 208 Ind. 314, 317, 194 N. E. 355, 196 N. E. 95; *The Travelers' Insurance Co.* v. *Prairie School Township* (1898), 151 Ind. 36, 41, 42, 49 N. E. 1, 51 N. E. 100.

As said in *Martin, Sr.* v. *Martin* (1881), 74 Ind. 207, 210, 211:

> "If there are points in the record which counsel do not suggest, *and we do not perceive them,* there are numerous decisions that we will not consider such points on a petition for a rehearing, *but there is no rule which permits us to ignore what we do see.*" (My italics.)

I do not think it is possible under our Constitution, for us to make or follow a rule which permits us to ignore error that we see. To do so is to abdicate as a court, to become a mere arbiter of rules. I do not think it was ever contemplated that the adoption of Rule 1-7 could accomplish this end. See also *Jones* v. *Castor* (1884), 96 Ind. 307, 310; *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 349, 350, 351, 104 N. E. 983, 104 N. E. 1141; *Scott* v. *City of LaPorte* (1903), 162 Ind. 34, 51, 68 N. E. 278, 69 N. E. 675; *McCord* v.

*Bright* (1909), 44 Ind. App. 275, 286, 87 N. E. 654. I am wholly unable to understand how it can be said that doing justice in a law suit is showing "favoritism," but I can readily understand how doing injustice may properly be so characterized.

With respect to defendant's tendered instruction No. 11, it can not matter how strongly an appellate court may declare that the law "on preponderance was not affected by the use of the word 'substantial'" therein, the fact remains that the law on this subject is completely changed, if this instruction is allowed. Mild words of disapproval by the opinion of this court do not change the effect of the thrice repeated use of that word in the instruction at the trial of the case. It was at the trial that the erroneous instruction was so devastating. The declarations of this court made on appeal can not atone for the wrong done the plaintiff at the trial by this error.

As to whether the objection to the tendered instruction was sufficiently specific to call attention to the error therein as required by Rule 1-7 I refer to complete copies of the instruction and the objection thereto contained in the dissenting opinion. To me it is precisely the proper objection and presented the error so specifically "that he who runs may see." The word "substantial" was used three times in a short instruction and as a lash at the end of the instruction, the jury was told "A failure in this regard on the plaintiff's part is fatal to a recovery in his behalf, and in such case, your finding should be in favor of the defendant."

It is factually erroneous to say that this instruction "was something that referred to the duty of the judge in examining the evidence before submitting the cause to the jury: . . . . This was a reference to one part of the duty which rightfully belonged to the judge." It is

elementary that instructions are always tendered to the judge with a request that they be given to the jury as the law that must govern it in considering the evidence. They have nothing to do with the judge's ruling on a motion for a peremptory instruction, nor are they tendered to guide its reasoning on a motion for new trial. This instruction is no exception. It was tendered by defendant and given to the jury by the court as the rule by which it must be guided in considering plaintiff's evidence. (The instructions carefully protected the defendant from instruction 11 in the matter of discharging its duty in proving contributory negligence). It was given for no other purpose, and is pointedly and specifically made to apply only to plaintiff's evidence. I think it provides an erroneous rule for the guidance of the jury in considering plaintiff's evidence, and that is exactly what plaintiff's objection specifically stressed.

I approve the decision in *Garrison* v. *United States* cited in the opinion on rehearing. It is on the subject of directing a verdict, or granting a new trial. It has nothing to do with instructions that may properly be given to a jury in the trial of a cause. For this reason I am wholly unable to follow the conclusion contained in the opinion on rehearing that: "The above language clearly indicates that the word 'substantial' as used in the instant case, did not increase the burden imposed on the appellant of proving the material allegations of his complaint by a preponderance of the evidence." The language used by that court as quoted in the opinion does not so much as tend to indicate that plaintiff's burden was not increased beyond that permitted by law by the giving of instruction 11. For as said in the quotation: ". . . under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence

and pass upon its credibility." This it can do only when it is given correct instructions. To say the least the Garrison case does not support the opinion. So far as I can learn there is but one case tending to support it. It is *Allman* v. *Malsbury* upon which the opinion is based. It, too, I think, is more of an evasion than a decision and is of diminished value as authority.

To me both the opinion and the opinion on rehearing are so erroneous that I must respectfully renew my dissent.

EMMERT, J.—Concurring.

NOTE.—Reported in 73 N. E. (2d) 48.